[No. 8,307.—In Bank.]
November 15, 1882.

## J. D. STEVENSON v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO.

JURISDICTION OF PROBATE COURT—ADMINISTRATION UPON ESTATE OF LIVING PERSON.—After administration had been granted upon the estate of a supposed deceased person, and the administration closed, and the administrator discharged, the supposed decedent appeared in person and filed his petition to vacate and annul the proceedings; and an order was made granting the motion.

*Held:* There is no doubt of the correctness of the action of the Court. Administration upon the estate of a living person is totally void.

APPLICATION for writ of certiorari to review an order of the Superior Court vacating and annulling all the proceedings in the matter of the estate of James Valentine. HALSEY, J.

The decree discharging the administrator was dated December 24, 1877. The petition of Valentine was filed February 11, 1881, and prayed that a citation should issue to the administrator to show cause why the proceedings in the matter of his estate should not be set aside and annulled. After citation to the administrator and trial, a decree was rendered adjudging that all the proceedings had in the matter of the said estate should be set aside and that the property described in said proceedings should be returned free of any and all claims or titles set up or asserted thereto, by the administrator or any one claiming under him.

*L. E. Pratt* and *Wright & Wright,* for Plaintiff.

The Probate Court had jurisdiction to grant the administration. When a petition in proper form was presented in

that Court alleging certain facts to exist, which, if established by proof, would give the Court jurisdiction over the estate, then the Court had the power to inquire into the truth of those allegations and to determine the existence of those facts. When it determined the facts to be established, its jurisdiction was fixed. (C. C. P. §§ 97–98; *Central Pacific R. R. Co.* v. *Board of Equalization of Placer County,* 43 Cal. 365; *Hahn* v. *Kelly,* 34 id. 391.)

The Court loses jurisdiction to make any order in an estate after a decree of distribution other than to enforce said decree and to discharge the administrator. (*Estate of Garraud,* 36 Cal. 277; *Bell* v. *Thompson,* 19 id. 707.)

*L. Quint,* for Defendant.

That Valentine has a remedy can not in good faith be questioned. (*Jochumsen* v. *Suffolk Savings Bank,* 3 Allen, 87; *Wales* v. *Willard,* 2 Mass. 120; *Cutts* v. *Haskins,* 9 id. 543; *Holyoke* v. *Haskins,* 5 Pick. 20; S. C., 16 Am. Dec. 372; *Smith* v. *Rice,* 11 Mass. 507; *Sigourney* v. *Sibley,* 21 Pick. 101; *Emery* v. *Hildreth,* 2 Gray, 228; *Allen* v. *Dundas,* 3 T. R. 125.)

Where then can it be found except in the Court and in the proceeding out of which the injury arose ? (*State of California* v. *McGlynn,* 20 Cal. 233; *Hamberlin* v. *Terry,* 1 Smed. & Marsh Ch. 589.)

Ross, J.:

The question in this case is whether the Court in which was had administration upon the estate of a man supposed to have been dead, but who subsequently and after the administration had been closed appeared "in the flesh," and moved the entry of an order vacating and annulling the proceedings, rightly granted the motion and entered the order. We have no doubt of the correctness of the action of the Court in that particular.

Administration may lawfully he had upon the estate of a dead man, but not upon that of one in life. Until death occurs there is no "subject matter" over which it is possible for any Court to exercise jurisdiction. It is true that the Court of Probate, before issuing letters of administration, must first

determine affirmatively the question of death. But notwithstanding such determination the fact that the supposed intestate is alive may still be shown, and when shown, establishes the nullity of the entire proceedings. The authorities in support of this proposition are numerous. (Sec. 1, Williams on Executors, American notes by Perkins to page 632, and notes to page 631; Vol. vii. Robinson's Prac., p. 324; *Jochumsen* v. *Suffolk Savings Bank*, 3 Allen, 87; *Fisk* v. *Norvel*, 9 Texas, 12; *Duncan* v. *Stewart*, 25 Ala. 408; *Allen* v. *Dundas*, 3 T. R. 125.)

In *Griffith* v. *Frazier*, 8 Cranch. 23, Chief Justice Marshall said: "Suppose administration to be granted on the estate of a person not really dead. The act, all will admit, is totally void. Yet the ordinary must always inquire and decide whether the person whose estate is to be committed to the care of others be dead or in life. It is a branch of every cause in which letters of administration issue. Yet the decision of the ordinary that the person on whose estate he acts is dead, if the facts be otherwise, does not invest the person he may appoint with the character or powers of an administrator. The case, in truth, was not one within his jurisdiction. It was not one in which he had a right to deliberate. It was not committed to him by the law. And although one of the points occurs in all cases proper for his tribunal, yet that point can not bring the subject within his jurisdiction."

In *Beckett* v. *Selover*, 7 Cal. 226, 227, this Court said that the fact of death and the place of residence of the deceased at the time of death must be alleged in the petition for letters, and must be true in point of fact, "and when they do not both exist in point of fact the proceedings are utterly void and not voidable." Further on, the Court said: "It is apprehended that no one would insist that a grant of administration before the death of a person, however regular, could be sustained anywhere. The decision of the Probate Court, that the man was dead, would not be conclusive against him; and the fact of residence is of equal importance to give the particular Court jurisdiction, and the decision of one point is no more conclusive than the decision on the other."

This case—*Beckett* v. *Selover*—in so far as the question of the residence of the deceased at the time of death is concerned

was overruled, and we think rightly so, in the subsequent case of *Irwin* v. *Scriber*, reported in 18 Cal. 499, but it has not been disturbed as respects the question of the *fact of death*.    Nor do we think it ought to be.    It is a great mistake to place the fact of death and the place of residence of the supposed intestate in the same category.    Until there is a death there is no subject matter for the jurisdiction of any Court.    What is the subject matter ?    It is the appointment of a personal representative to a *decedent*, who is without one.    If the subject matter exists, the question whether the Court had jurisdiction in the particular case, or not, may depend, as said by the Court of Appeals of Virginia in *Andrews* v. *Avory*, 14 Gratt. 236, " upon a variety of facts ; as whether the deceased resided in the county whose court made the order, or had land there; or died there; or had estate of any kind there.    If, after passing upon these facts and taking cognizance of the case, the order of the Court could, at any period in any collateral proceeding, be avoided by evidence that the decedent did not reside, or die, or leave estate in the commonwealth, all the inconveniences and other evils would be produced which are referred to in *Fisher* v. *Bassett*, 9 Leigh, 119, and other cases before cited, and which are designed to be prevented by the principles laid down in those cases."    Some of those evils are thus stated by Mr. Justice Rosevelt in the case of *Monell* v. *Dennison*, 17 How. Pr. 426 : " To allow it (the decision upon the question of inhabitancy) to be called in question collaterally, and on every occasion and during all time, would be destructive of all confidence.    No business in particular depending on letters testamentary or of administration could be safely transacted.    Payments made to an executor or administrator, even after judgment, would be no protection.    Even if the debtor litigated the precise point and compelled the executor to establish it by proof, the adjudication would avail him nothing should a subsequent administrator, as in this case, spring up, and, after the lapse of a fifth of a century, demand payment a second time, when a scintilla of evidence on one side remained, and all on the other had perished.    A large number of titles, too, depend for their validity on decrees of foreclosure, and these decrees are often made in suits instituted by executors or administra-

tors or their assigns.   Must these, too, be subject to be over-
hauled at any period, however remote, on the nice question of
residence—a question often difficult to decide where the facts
are close, and much more so, of course, where the facts are
obscured by lapse of time and loss of documents and wit-
nesses ?"    Such a doctrine the Court correctly held too danger-
ous for judicial sanction.

But here was an application by a party whose estate had
been administered, upon the supposition that he was dead, to
show to the Court in which the proceedings were had, the
fact that he was all along alive, and the consequent non-exist-
ence of the *subject matter*, without which no jurisdiction could
by possibility have attached to any Court.   That it was com-
petent for him to prove the fact we have no manner of doubt,
and we are also of opinion that he sought to make the proof
in the appropriate tribunal.    (*State* v. *McGlynn*, 20 Cal. 233;
*Hamberlin* v. *Terry*, 1 S. and M. Ch. 589.)

Demurrer sustained and proceedings dismissed.

McKinstry and Sharpstein, JJ., and Morrison, C. J.,
concurred.

Myrick, J., concurred in the judgment.

McKee, J. concurring :

I concur.   Administration of the estate of a living person
is void, *ab initio* and throughout.   The only jurisdiction a
Probate Court has in respect to the administration of estates
is over the estates of deceased persons.   It has no jurisdiction
whatever to administer the estates of living persons as if they
were dead.   Cases in support of these plain propositions
abound in the books.   For it has often happened that many
"Enoch Ardens" have had to assert in the Courts their right
to property of which they have been, in their absence, unlaw-
fully deprived by void proceedings against them in Probate
Courts.   In addition to those cited by Mr. Justice Ross, the
cases of *M'Pherson* v. *Cunliff*, 11 S. and R. 422; S. C., 14 Am.
Dec. 642; *Appeal of Peebles*, 15 S. & R. 42; *Wales* v. *Wil-
lard*, 2 Mass. 120; *Smith* v. *Rice*, 11 id. 507; *Bolton* v. *Jacks*,
6 Robt. 166; *Morgan* v. *Dodge*, 44 N. H. 255; *Melia* v.

Simmons, 45 Wis. 334; and D'Arusment v. Jones, 4 Lea, 25, will be found instructive and conclusive upon the question involved in the present case. I know of no case opposed to the doctrine of those cases except it be the case of Roderigas v. East River Savings Institution, 63 N. Y. 460. In that case the Supreme Court of New York held that money paid to the administrator of a supposed decedent could not be recovered back, although it appeared that at the time of issuing the letters of administration the party was not dead. But in Lavin v. The Emigrant Industrial Savings Bank, 18 Blatch. 1, in the Circuit Court of the United States for the State of New York, it was decided that that case had no support elsewhere in the authorities of the English or American Courts. A living person, says the Court, can not be concluded by a Surrogate's decision that he is dead. As to him, such a decree is absolutely void, and he may claim his property as taken from him "without due process of law."