[In Bank. — November 21, 1883.]

JOHN D. THOMPSON, RESPONDENT, v. FANNIE M. SAMSON ET AL., APPELLANTS.

WILL — DECREE OF DISTRIBUTION — EFFECT OF DECREE ANNULLING A WILL — PURCHASER. — A decree annulling a will, made after the distribution of the estate, upon the application of one of several heirs, does not render the decree of distribution void. It is valid and binding as to subsequent *bona fide* purchasers from the distributee.

ID. — REMEDY OF HEIR. — When the probate of a will has been annulled upon a contest initiated by an heir subsequent to the entry of a decree of distribution, the heir may pursue the property in the hands of the distributee, but not in the hands of a purchaser in good faith and for value from the distributee, prior to the revocation, and at a time when the proceedings were valid and binding.

APPEAL from a decree and judgment of the Superior Court of the city and county of San Francisco

The facts are stated in the opinion of the court.

*P. B. Ladd, S. Heydenfeldt,* and *Wilson & Otis,* for Appellants.

*Mastick, Belcher & Mastick,* for Respondents.

Ross, J. — Antonio B. Samson died on the 28th of July, 1870, leaving surviving him a widow and four minor children. Shortly after his death the widow presented to the proper Probate Court a document purporting to be the last will and testament of the deceased, together with a petition praying its admission to probate. An order was duly made by the court fixing a day for hearing the petition and proving the will, and directing notice to be given and the

proper citations to be issued and served. Citations were duly
issued and served upon the minor children, and the court
appointed an attorney to represent them at the hearing. At
the time appointed proof was taken, and upon the proof taken
and with the consent of the attorney for the minor heirs, the
court admitted the document to probate as the last will and
testament of the deceased, and appointed the widow executrix —
she being named in the will as executrix and sole devisee, and
the children being by name expressly excluded from any share in
the estate. Letters testamentary were afterwards issued to the
widow, the estate administered, and finally, in 1875, about five
years after the administration was begun, a final decree of dis-
tribution was entered by which all of the property of the estate
remaining undisposed of, including the real property here in
controversy, was distributed to the widow; and the administra-
tion was then brought to a close. Subsequent to this the widow
borrowed of Thompson, the plaintiff in the present action, six-
teen thousand dollars, and to secure its repayment mortgaged
the property to him. The mortgage was foreclosed, the prop-
erty sold pursuant to a decree of foreclosure and sale, Thomp-
son bought it, and in due time received from the sheriff a deed
conveying to him all of the interest of the mortgagor therein.
The regularity of the probate proceedings and of the proceed-
ings in the foreclosure suit are not questioned, but it appears that
during the pendency of the foreclosure suit, that is to say in the
year 1880, one of the children of the deceased Samson, who was
then a minor, by a guardian duly appointed, filed in the Probate
Court a petition praying the revocation of the document which
ten years before had been adjudged to be the last will and testa-
ment of the deceased, upon which petition, after proceedings
regularly had, the Probate Court found that the deceased was
*non compos mentis* at the time of making the alleged will, and
therefore, on the 26th day of November, 1880, entered a decree
annulling the order made in 1870 admitting the document to
probate, and adjudging that the same was not the last will and
testament of the deceased Samson. In the case entitled *Samson*
v. *Samson,* No. 7,577, just decided, we have held that the decree
thus rendered in 1880 must be modified so as to be limited to
the protection of the rights of the contesting minor, and cannot

be permitted to extend to the heirs who slept upon their rights and became barred by the lapse of the statutory time allowed them for such contest. But the question in the present case is, what is the effect of the revocation upon the rights of a purchaser from the distributee of the estate?

On the part of the heirs it is contended that, when the probate of the will was revoked and it was determined that the document purporting to be a will was in fact not a will, every step in the probate proceedings from the admission of the document to probate to and including the final distribution of the estate, became absolutely void and of no effect, and that any and all conveyances made by the distributee of the estate became likewise of no effect. The result of sustaining this proposition is, of course, to hold that no purchaser at an executor's sale, and no purchaser from any heir, legatee, or devisee, made even after final distribution can ever be secure in his purchase until the expiration, of one year after every infant and person of unsound mind who may be interested in the estate shall have been relieved of their respective disabilities. If this is the law, of course we must so declare it, however disastrous the consequences may be. But is it the law? It is true, that there is a provision of the statute saving to infants and persons of unsound mind one year after their respective disabilities are removed within which to contest the probate of a will. But the statute also makes provision for the presentation to the proper Probate Court of a petition for the probate of a document purporting to be the will of a deceased person, for a hearing of the petition after due notice, the establishment of the will by proper proof, its admission to probate and thereafter, for the proper administration of the estate and its final distribution to the person or persons entitled thereto — the statute declaring the decree of distribution to be "conclusive as to the rights of heirs, legatees, or devisees, subject only to be reversed, set aside, or modified on appeal. (§ 1666, Code Civ. Proc.)

These various provisions of the statute must be construed together and effect given them in accordance with legal principles. The fundamental error on the part of appellant's counsel is in not keeping in mind the distinction between proceedings that are void, and those that are voidable merely. If adminis-

tration should be had upon the estate of a man supposed to be dead, but who is in fact alive, the entire proceedings would be utterly null and void in however strict compliance they might be with the statutory requirements; and this because of the absence of the necessary subject-matter for the exercise of jurisdiction.   A case of this sort was before us recently, entitled *Stevenson* v. *Superior Court*, 62 Cal. 60.   Of course, where the proceedings are absolutely void, all rights and titles dependent upon them must fall.   But not so when the proceedings are only voidable.   In the case at bar there is no question but that the Probate Court throughout the proceedings, culminating in the decree of distribution, had jurisdiction of the subject-matter and of the parties in interest, and that all the proceedings in the matter of the estate to and including the entry of the decree of distribution were in accordance with the provisions of the statute.   That being so, it is plain that the decree of distribution was not void.   At most it was only voidable.   Whether the instrument propounded as a will was executed in the manner required by law, and was what it purported to be, the last will and testament of the deceased, was a fact the Probate Court was called upon to determine in the exercise of the jurisdiction it had acquired over the subject-matter and over the parties in interest, and when that court decided that it was, and proceeded to administer the estate, its acts and those of the executrix under its authority and pursuant to the statute, were valid and binding as to all dealings with third parties had in good faith and for value.   (*Fitch* v. *Miller*, 20 Cal. 383; *Stevenson* v. *Superior Court, supra; Fisher* v. *Bassett,* 9 Leigh, 119; *Andrews* v. *Avery,* 14 Gratt. 236; *Monell* v. *Dennison,* 17 How. Pr. 426.)   Precisely the same reason that protects a purchase consummated from an executor or administrator before his administration is revoked or superseded, protects the purchaser from the distributee of the estate.

When, as in the case of Samson, the probate of a will has been annulled upon a contest initiated by an heir subsequent to an entry of a decree of distribution, the heir may undoubtedly pursue the property, and perhaps its proceeds, in the hands of the distributee, but, for the reasons already given, he cannot follow the property into the hands of one who bought in good

faith and for value from the executor, administrator, or distributee prior to the revocation and at a time when the proceedings appeared and were valid and binding.

Judgment affirmed.

Morrison, C. J., Myrick, J., and Thornton, J., concurred.

McKinstry, J., Sharpstein, J., and McKee, J., dissented.

Petition for rehearing denied.