## TITLE TO REAL ESTATE OF A LONG MISSING ADOPTED DAUGHTER.

Common Pleas Court of Franklin County.

EFFIE L. PATTERSON OGLESBY v. HOWARD ROSE ET AL.

Decided, October 24, 1910.

*Title—Presumption of Death: of an Heir Unheard of for More than Seven Years—Rights Under Mortgages Executed by the Widowed Foster Mother—Estoppel—Subrogation—Resulting Trust—Statute of Limitations.*

1. Title to property left by foster parents is not extinguished by the mere fact that the adopted child has been absent and unheard of for eleven years, notwithstanding the estates of the parents have been administered upon their decease during the intervening period.
2. In such a case the adopted daughter retains her interest in real property left by her foster father, as against a mortgage executed by her foster mother after becoming a widow, an accounting having first been made in favor of the mortgagee for the value of the widow's dower and any resulting trust in her favor.

3. A claim by the executor of the widow for a balance due him on account of costs and debts paid may be asserted against the equitable interest of the widow in the land, but not against the interest of the adopted daughter.

*Barcus & Jackson,* for plaintiff.
*Sloan & Lloyd,* contra.

KINKEAD, J.

Plaintiff claims to be a legal owner of the real estate described in the petition and seeks to recover possession thereof, together with damages.

William D. Duffy files a cross-petition, to which plaintiff demurs.

Plaintiff was an adopted daughter of Philip D. Patterson and Mary V. Patterson. About 1881 plaintiff disappeared, and her adopted parents never heard from her during the lifetime of either of them (the Pattersons).

September 12th, 1892, Philip D. Patterson and his wife, Mary V. Patterson, purchased real estate for $1,600, $800 being paid down. Title was taken in the name of the husband. It is averred that the $800 cash payment was the joint money of husband and wife and was contributed jointly by them. A mortgage of $600 on the property was assumed by the Pattersons, and a $200 mortgage was given by them to their vendor.

It is averred that upon the death of the husband there came into the possession of the wife $277 in money, which was on deposit in the bank, but which was the joint accumulation of both of them, the wife being entitled to one-half. Out of this fund the wife paid the $200 mortgage and interest. The remaining $600 mortgage was paid by the wife after her husband's death. It is claimed that the property at the time it was finally cleared of encumbrance by the wife was valued at $1,200.

When Philip D. Patterson died, the plaintiff had not been heard from for eleven years.

Mary V. Patterson was administrator of her husband's estate and, in making final settlement of the estate, she made affidavit

in the probate court that her husband died intestate, without issue, and that she was the only lawful heir.

From the time of her husband's death in December, 1892, until her death, the wife remained in possession of the real estate, paying the taxes thereon. December 19th, 1894, she gave a mortgage on the same for $800 for borrowed money, making affidavit that she was the widow and sole heir, which was part of the abstract. June 2d, 1909, she borrowed $800 from Wm. D. Duffy and paid off the mortgage she had placed upon the property, and executed a mortgage to him for that amount, which is still due and unpaid. This mortgage was assigned to John Duffy.

Mary Patterson died testate making disposition of the real estate in question, authorizing her executor to sell it without order of court.

Cross-petitioner Duffy became her executor, and has paid costs and debts, so that there is an amount due him as executor.

The second cause alleged in the cross-petition simply avers generally the absence of the plaintiff, that she was never heard from, never performed any duties of a child to them, the substance of which claim, in view of all the facts hereinbefore set forth, being that plaintiff is estopped, and that it would be inequitable to permit plaintiff now to claim the legal estate and right to the property, as against the claims of the cross-petitioner for claims and debts of Mary Patterson, which he had paid, and as against the mortgage of John Duffy.

For the purpose of determining the question on the demurrer, the different claims presented in the cross-petition will be considered.

The basis of all questions involved is the legal effect of the absence of the plaintiff during the period shown. It is conceded that by her adoption she became the legal heir to Philip D. Patterson.

In *Young* v. *Heffner*, 36 O. S., 233, it is held that:

"The legal presumption of death which arises from the absence of one from his home for the period of seven years, and who in the meantime is not heard of, is but *prima facie* evidence of the fact, and may be rebutted by counter proof."

In some jurisdictions administrations over the estates of persons presumed to be dead from long continued absence have been had and the heirs in such case have been allowed to maintain ejectment to gain possession of the lands. 14 Cyc., 19.

And it has been held, too, that the grant of administration in such cases is *prima facie* evidence, but they constitute, at best, evidence of a very weak and unsatisfactory character and are easily overcome. 13 Cyc., 306.

Such presumption of death is not conclusive, and may be overthrown by proof to the contrary, in which case letters of administration granted, title given, or other action based upon such assumption becomes null and void. 14 Cyc., 19, and numerous cases there cited.

The plaintiff being the legal heir of Philip D. Patterson, upon death became entitled to all the rights and privileges of a child begotten in lawful wedlock. Code, Section 8030.

Mary V. Patterson, the widow, took merely her dower interest in the real estate. She possessed, also, such equitable rights as the facts alleged in the cross-petition disclose.

A resulting trust accrued in her favor to the extent of $400 because of their joint investment by her husband in the property.

A resulting trust resulted in her favor for $138.50, being one-half of $277.

No statute of limitation runs against a resulting trust, so that Mary V. Patterson had an interest to the extent and value of the foregoing amounts.

The cross-petition avers that Mary V. Patterson, widow, paid off the balance of the mortgage, $600, held by J. E. Sater, after her husband's death, and that she became subrogated to the rights of the mortgage. In the absence of an averment showing that this payment was within ten years from the assertion of the claim by the cross-petition, the demurrer must be sustained to this claim because the ten year limitation applies to this equitable claim and remedy. *Zuelig* v. *Hemerlie,* 7 O. D., 56.

The claim of Wm. D. Duffy of $800 for money loaned to Mary V. Patterson and secured by mortgage is a valid claim against the resulting trust in favor of Mary V. Patterson, but not as against plaintiff's interest.

The claim of Wm. D. Duffy as executor against the widow's estate may also be asserted against her equitable interest, but not against plaintiff's interest.

The claim asserted in the second cause by the cross-petitioner of estoppel by laches is without legal foundation in my judgment. The rules of law above stated respecting the rebuttability of the legal presumption of death from absence to the extent of nullifying administration of the estates and regaining the title secured by the heirs, are sufficient answer to this claim.

If, as held, the grant of letters of administrations are absolutely void (*Duncan* v. *Stewart*, 25 Ala., 408; *Stevenson* v. *Court*, 62 Cal., 60; *Thomas* v. *People*, 107 Ill., 517; *Perry* v. *R. R. Co.*, 29 Kan., 420; *Devilin* v. *Conn.*, 101 Pa. St., 273), it would seem that mortgage given by one claiming to an heir was null and void, as against the legal heir who has been absent, but who returns to claim her legal rights.

The demurrer is sustained to the second defense styled "second cause." The demurrer is sustained against the claim for subrogation. The demurrer is overruled as against the two claims to a resulting trust, which the court holds to be a resulting trust.

Leave to amend the cross-petition so as to conform to this opinion.