John L. Hinton was a resident of Pasquotank, and died in 1909, leaving a will, which was duly probated and recorded in said county 29 January, 1910. His children, Mary F. Hinton, R. L. Hinton, C. L. Hinton, E. V. Hinton, W. E. Hinton, and Ida Sawyer were the sole beneficiaries under said will.
Among other lands owned by the said John L. Hinton at the time of his death was this tract of 200 acres. R. L. Hinton acquired the interest of the other devisees under the will, and on 15 March, 1913, conveyed it to D. E. Williams. On 5 May, 1915, D. E. Williams conveyed the same property to P. G. Sawyer, who conveyed it to Taylor and Hollowell. Taylor afterwards acquired Hollowell's interest, and on 7 August, 1918, W. E. Taylor conveyed the property to K. R. Winslow, one of the defendants in this action.
On 30 September, 1918, a caveat was filed to said will of John L. Hinton, by some of his grandchildren, the plaintiffs herein, who were not named in the will. The caveat was later sustained and the will set aside.In re Hinton, 180 N.C. 206.
On 2 September, 1920, the defendant K. R. Winslow sold said land to Fisher and Newbern, the plaintiffs in this action, and took a mortgage for the balance of the purchase money. Said Newbern and Fisher having made default in the payment of the deferred installments, J. B. Leigh, trustee in the deed of trust to secure said indebtedness, advertised the property for sale, when this action was filed by the plaintiffs and the defendants were enjoined from making sale of the property.
A motion to make the restraining order permanent was heard before Bond,J., who held that the defendant Winslow could not give a good title to the property, owing to the fact that the will of the said John L. *Page 167 
Hinton, the original owner of the land, had been set aside under the caveat filed in 1918; and continued the restraining order to the hearing, and the defendants appealed.
The fact that upon a caveat filed 3 December, 1919, the will of John L. Hinton was set aside cannot possibly affect the title of the defendants. There is no evidence nor claim that the devisees named in the will, probated in 1910, had any knowledge or intimation that the will would be attacked, and there is no contradiction that these defendants, as well as all others in the chain of title to the said property, were purchasers for value before the caveat was filed, and without any notice of any defect in the will of John L. Hinton, and that they were in all respects bona fide purchasers. A purchaser for value without notice of fraud under a devise in a will duly probated and recorded takes a good title.
Even were R. L. Hinton chargeable with constructive notice, this would not avail the plaintiffs in this action, for the first purchaser may have notice and take title accordingly, yet a second purchaser for value from him and without notice is a bona fide purchaser and takes a valid title. 2 Devlin on Deeds, sec. 746.
The courts have even held that where a purchaser for value without notice of fraud conveyed property, the second purchaser gets a good title even though he had notice of the fraud. Lanier v. Lumber Co., 177 N.C. 200;Arrington v. Arrington, 114 N.C. 166; Wallace v. Cohen, 111 N.C. 104.
C. S., 4145, referring to the previous section on wills and testaments admitted to probate, provides: "Such record and probate is conclusive in evidence of the validity of the will until it is vacated on appeal or declared void by a competent tribunal."
The various purchasers of the land in question were not only bona fide purchasers for value without notice of any imperfection or irregularity in the will of John L. Hinton, but had on the records a judgment of the probate court declaring the will to be genuine and the last will and testament of John L. Hinton, and they also had before them the statute to the effect that the records of the probate court were conclusive evidence of the validity of the will.
The question here presented is whether purchasers for value and without notice of any imperfections or irregularities in a will which has been duly admitted to probate and adjudged to be valid and recorded, can have their title impeached by the fact that subsequent to their *Page 168 
purchase, the will has been set aside as invalid. It is true that this precise question has not been presented before in the courts of this State, but it has been repeatedly passed upon in the United States Supreme Court, and in other courts of the Union, and the decisions are uniform and, we think, in accordance with the ruling in this State upon analogous questions, that the bona fide purchasers without notice acquire a good title.
In Foulke v. Zimmerman, 81 U.S. 113, it was held that: "A probate of a will of realty in Louisiana, when the testator died domiciled in New York, is valid until set aside in the Louisiana court and the purchaser from the devisee of such will of real estate in Louisiana, while the order of the court of that state establishing the will remains in force, is an innocent purchaser, and is not affected by a subsequent order setting aside the will to which he is not a party."
In Davis v. Gaines, 104 U.S. 386, which is quite a famous case, involving a large amount of property in the city of New Orleans (known as the "Myra Clark Gaines will case"), the Court held that a will having been admitted to probate by the court in accordance with the law ordering a sale of all the immovables of the deceased, which sale was made to a bona fide purchaser for a valuable consideration was a judicial sale, and that title thereunder was not affected by the discovery and probate of a later will making a different disposition of the property.
The opinion in that case is a very exhaustive discussion of the subject, and cites numerous cases to the same effect. All the cases in fact hold that the proceeding establishing a will and ordering it to registration isin rem and binding upon all the world, especially as to innocent purchasers taking without notice and for value.
In Thompson v. Sampson, 64 Cal. 330, it was held: "Where the probate of a will is had, and the estate is distributed under the will, an heir, who, after removal of his or her disabilities, obtains a decree vacating the probate cannot follow the property devised in the hands of a bona fide purchaser for value from a distributee prior to the revocation and at a time when the proceedings were valid and binding."
In Arterburn v. Young, 77 Ky. 509, it was held: "The title of a purchaser of real estate from a devisee is not affected by the Circuit Court's reversal of a judgment of the county court, probating a will on an appeal prosecuted by the infant children of the testator more than five years after the rendering of the order of probate in the county court." In that State there was a statute authorizing such action within five years. The Court takes notice that this is a statutory exception, but that there was no waiver of the rights of infants.
In Hughes v. Burris, 85 Mo., 660, where there was a similar statute giving heirs five years in which to attack a will admitted to probate, a conveyance by the devisee executed after the probate and within the five *Page 169 
years was held of no effect as against the heirs after the will was adjudged invalid. These two States are exceptions to the general rule to the extent of the statute.
In Steele v. Renn, 50 Tex. 468 (S. c., 32 Am. Rep., 605), it was held that a purchaser of devised lands from the devisee under a will duly proved held a good title, as against absent heirs, though the will was afterwards annulled as a forgery.
To the same effect is S. v. McGlynn, 20 Cal. 268. In that case is a very full and satisfactory discussion of the matter, and it is held: "The decree of the probate court admitting wills to probate is final and conclusive as to the validity thereof, if not reversed by the appellate court, and it cannot be vacated or questioned by any other court, either incidentally or by direct proceedings for the purposes of impeaching it. Wills admitted to probate must be recognized and admitted in all courts to be valid as long as the probate stands."
In Reeves v. Hager, 101 Tenn. 712, it was held that a purchaser from a devisee, under a will that has been admitted to probate in common form, cannot be deprived of his character of innocent purchaser by reason of the unusual nature of the provisions of the will so long as its probate is not assailed. In that case it was also held, in a full discussion, that "a purchaser who in good faith takes an absolute deed from a devisee and pays full price for the property in ignorance of any infirmity in the will or other defect of title obtains a title superior to any right or claim of an infant heir, who subsequently and before attaining his majority enters the contest, and has the probate in common form set aside and the will annulled; the probate of a will is a proceeding in rem and operates upon the subject-matter. Probate, even in common form, so long as it remains in force, binds all parties, whether adults or minors, and is conclusive of the testamentary character of the instrument, the testamentary character of testator, the due execution of the will, and as to all questions of fraud, imposition, and undue influence affecting the will."
The case of Fallen v. Chidester, 46 Iowa 588, has been cited as holding a contrary doctrine, but that case was decided upon the special provisions of the statutes of Iowa then in force, under which probate in that State did not establish, at that time, the testamentary character of the instrument, and hence did not give validity to a title based upon it.
The conclusiveness of the probate of a will is discussed in the notes toSchultze v. Schultze, 60 Am. Dec., 353; Michael v. Baker, 70 Idaho 593, and Bowen v. Johnson, 73 Idaho 53.
In 28 R.C.L., 375, sec. 376, the law is thus summed up: "The admission or rejection of a will to probate is a judicial determination of the character and validity of the instrument presented as a will, and *Page 170 
is in effect a judgment in rem. The decree of a probate court admitting a will to probate is final and conclusive if not reversed by the appellate court, or set aside and revoked, by direct proceedings, and cannot be questioned collaterally. The courts of common law formerly went so far as to hold that the forgery of a will, which had been admitted to probate, could not be made the ground of an indictment until the probate had been revoked, but according to a later and sounder decision, though probate is conclusive until set aside, the disposition of the property does not protect the forger from punishment. Though it was otherwise at common law, in modern times the probate of a will being a proceeding in rem is conclusive not only on the parties and privies, but to all the world. The next of kin will be bound by a sentence admitting a will to probate, although not a party to proceedings nor summoned `to see proceedings' if at the time of any prior contest to the probate, they had notice thereof and did not intervene. The executor in seeking to propound a will is in privity with the legatees claiming under an instrument, and a decree denying probate will be binding against him, even though they were at the time of the decree unable under such disabilities as coverture, or infancy, or even if at that time they were not in esse." This latter proposition is stated in Redmond v. Collins, 15 N.C. 430. The opinion of Ruffin, C. J., in that case has been often cited since. See citations in the Anno. Ed.
In R.C.L., 377, sec. 378, it is further said, with copious citation of authorities: "The probate of a will by the probate court having jurisdiction thereof is usually considered as conclusive of its due execution and validity, and is also conclusive that the testator was of sound and disposing mind at the time when he executed the will, and was not acting under duress, menace, fraud, or undue influence, and that the will is genuine and not a forgery."
In 40 Cyc., 2110, it is held: "A purchaser for value from a beneficiary, or at a judicial sale under a will, is protected, even though the will is subsequently annulled." It is also said, to the same purpose, in Hodges v.Bauchman, 8 Yerg., 186: "An application for the probate of a will is a proceeding in rem, and the judgment of the court upon it is binding upon all the world until revoked or set aside." To same purport, Scott v.Calvert, 3 How. (Miss.), 158; 3 Redfern on Wills, 63.
The will of John L. Hinton was probated in January, 1910, the caveat was filed late in 1918, and in the interim the various transfers of the land had been made by parties who were in no way connected with the estate of John L. Hinton. The caveators are not laying any claim to the land in question, and are in no way interested in this suit. If titles to real estate can be set aside by the attack on a will which constitutes a *Page 171 
link in the chain of title, it would shake the very foundations of real estate titles and the titles in which a will is a link would be always looked upon with doubt.
The order in this cause continuing the restraining order must be set aside and the action dismissed.
Reversed.