14171

WILKINSON v. WILKINSON

(182 S. E., 640)

*Mr. John P. Grace,* for appellant,

*Messrs. Nath. B. Barnwell* and *Robert McC. Figg, Jr.,* for respondent,

November 25, 1935.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

On April 30, 1929, Carolina Huger Wilkinson died, leaving surviving three sons, James W., William W., and Arthur M. Wilkinson. Following her death, a will alleged to have been executed by her was on May 18, 1929, duly admitted to probate in common form in the probate Court for Charleston County. This will disposed of her property as follows: "I bequeath all my lands, tenements and hereditaments, and all my household furniture, ready money, security for money, money secured by life insurance, goods and chattels, and all other parts of my real and personal estate and effects whatsoever and wheresoever, unto my eldest son, James Withers Wilkinson, in order to enable him to carry out my wishes and intentions (same being well known and understood by him), to the best of his judgment and ability, without any interference from anyone else. In the event of his dieing before me, my second son William Withers Wilkinson, will take his place under exactly the same circumstances as above described. Subject only to the payment of my just debts, funeral and testamentary expenses, and the charge of proving and registering this my Will."

Under the said will, James W. Wilkinson alleges he owns in fee simple certain real estate in the City of Charleston, S. C., constituting the only estate left by his mother, which claim of sole ownership is disputed by Arthur M. Wilkinson.

On April 23, 1935, James W. Wilkinson, as qualified executor under the will of Carolina Huger Wilkinson, and in his own right, commences an action in the Court of Common Pleas for Charleston County under Section 660 of the Code of Civil Procedure of 1932, for the purpose of having said will construed and having it declared that he owned the real estate of which his mother died seized and possessed, in fee simple. The appellant and the other brother were made defendants.

Appellant answered, denying that James W. Wilkinson was the sole owner of the property, and set forth that he,

appellant, was the owner of a one-third undivided interest in the real estate in question; admitted the date of the death of Mrs. Wilkinson, the ownership by her of the real estate at the time of her death, and that she left an instrument in writing which was admitted to probate in common form, more than four years having passed since said instrument had been admitted to probate; denied that said instrument in writing was a good and valid will, and alleged that his mother, Mrs. Wilkinson, had died intestate; that the purported will had not been signed by her in the presence of three witnesses, who, at her request, in her presence, and in the presence of each other, had subscribed their names as witnesses; that the fact that his mother had left a will had been fraudulently concealed from him, and that he, appellant, was about to file a petition in the probate Court for Charleston County praying that the matter of the probate of said will be reopened, and that same be proven in solemn form, "and that although more than four years have passed, sufficient grounds in law will be presented to take the question out of the statutory period of limitations." Infancy was not pleaded.

It is unnecessary to set forth further of the allegations of the answer in order to determine the question raised by the exceptions on appeal to this Court.

Respondent moved to strike from the answer all allegations attacking the will as to improper execution and as to its being invalid as a will and all allegations as to fraudulent concealment of the fact of the will, on the ground that such allegations were irrelevant and immaterial to the issues in the case, and was a collateral attack upon the judgment of a Court of competent jurisdiction. It is from the order of the Circuit Judge striking out such matters from the answer that this appeal is taken.

The exceptions are four in number, but in fact raise but one question, which has been succinctly stated by counsel for respondent, as follows: "Where, in an action under Section 660 for the construction of a Will, the complaint

alleges and the answer admits that the Will was duly probated in common form, and that more than four years has elapsed without probate in solemn form being required as provided in Section 8932, and where the disability of. infancy is not alleged, did the Circuit Judge commit error of law, or abuse his discretion, in striking from the answer allegations that the Will was not properly executed, and that application will be made to the Probate Court for probate in solemn form despite the expiration of the four year period prescribed in Section 8932?"

So much of Section 8932 of the Code of 1932 as is pertinent to this case, is as follows: "(3) *Due Form of Law.*— Probate in common form shall be good, unless some person or persons interested to invalidate the said paper as a will shall give notice to the Judge of Probate, within four years next after such probate (or, if any party· interested therein be subject to the disability of infancy, then, within four years next after such disability removed), that he, she or they do require it to be proved in due form of law, which is as follows."

So much of Section 478 of said Code as is applicable, is as follows: "If irrelevant or redundant matter be inserted in a pleading, it may be stricken out, on motion of any person aggrieved thereby."

In the case of *Ward v. Glenn,* 9 Rich., 127, the Court had this to say: "The· ordinary having granted probate of this will in common form, and four years having elapsed—the time within which by the 11th Section of the Act of 1839 (11 Stat., 41), it may have been proved per testes or in due form of law—we cannot now call in question its legal validity or formal execution. It is the act of a· Court having jurisdiction over the subject matter. * * * His probate cannot be impeached in any other Court, and the admission of evidence to prove the want of testamentary capacity would be directly against the record."

In the case of *Prater v. Whittle,* 16 S. C., 40, at page 46, the Court held: "The probate of a will settles all questions

as to the formalities of its execution and the capacity of the testator, but does not affect the validity or invalidity of any particular clause or settle any question of construction."

"As a proceeding to probate a will is a judicial one, a judgment or decree admitting a will to probate stands on the same footing as a judgment of any other Court of competent jurisdiction; and while it is not conclusive in the sense that a person having the requisite interest may not attack it by a direct proceeding within the period of time allowed by statute, without a statute conferring the right to contest, the order admitting the will to probate would be final on all parties. So, after the lapse of the time allowed to have it set aside or annulled, or within that period and before action is taken, it stands as an adjudication that the instrument probated is the last will and testament of deceased, and it is conclusive of all matters properly before the Court for determination." 68 Corpus Juris, at page 1228.

The Court of Common Pleas could not have allowed the introduction of testimony to sustain the allegations in the answer stricken. To have done so would have permitted a collateral attack on the judgment of the probate Court regular on the face of the record. Therefore, such allegations became irrelevant and immaterial to the issue and were properly stricken from the answer.

Appellant takes the position that while infancy is the only disability made an exception to the four-year period by the Act of 1839, now Section 8932 of the Civil Code, nevertheless, the Legislature meant by that enactment that other exceptions and legal disabilities should be read into and included within the meaning of the Act. In this, we cannot agree. This Act was passed seven years after the decision in the case of *Kinard v. Riddlehoover,* 3 Rich., 258, in which the Court held that parties in interest should have four years in which to require proof of will in solemn form after the granting of probate in common form, unless the parties in interest, or some of them,

should be laboring under some legal disability to sue, and in such cases within four years next after the removal of such disability. With this decision before it, the Legislature restricted the disabilities to the one disability of infancy. No doubt, if the Legislature had intended to include any other legal disability or exception, it would have said so.

All exceptions are overruled, and the order of the Circuit Judge affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM and FISHBURNE concur.