15014

WILKINSON v. WILKINSON *ET AL.*

(7 S. E., (2d), 447)

498

August, 1938,

500

501

502

508

510

*Mr. John P. Grace,* for appellant,

*Messrs. Nath. B. Barnwell* and *Robert McC. Figg, Jr.,* for respondent,

February 10, 1940.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BONHAM.

Mrs. Carolina Huger Wilkinson, late of the City of Charleston, S. C., departed this life on or about the 30th day of April, 1929, leaving of full force and effect her last will and testament, of which her son, James W. Wilkinson, was made executor. She left her surviving, as her sole heirs-at-law and distributees, her sons, James W., William W. and Arthur M. Wilkinson. The will was dated the 2nd day of February, 1920, and was admitted to probate the 8th day of May, 1929, in the Probate Court for Charleston County, and on that day, James W. Wilkinson qualified as executor.

Some question having arisen between the executor and Arthur M. Wilkinson touching the validity of the will and its proper construction, James W. Wilkinson, as executor and in his own right, brought this action to have the Court construe the will and declare the plaintiff to be the owner

in fee simple of the premises described therein. William W. Wilkinson and Arthur M. Wilkinson were made defendants. William W. Wilkinson answered, admitting the truth of plaintiff's contention and joining in the prayer of the complaint.

Arthur M. Wilkinson also answered, setting up (1) a general denial; (2) the invalidity of the will; (3) that the existence of the will had been concealed from him until after the will had been probated for more than four years; (4) that a proper construction of the will would be to hold that it created a trust in favor of Arthur; (5) that it was void for uncertainty; (6) that the suit is one to try title and cannot be brought under Section 660 of the Code; (7) as that would destroy this defendant's right to try the issue of title by jury.

Plaintiff moved to strike from the answer those parts which challenge the validity of the will as a testamentary instrument; the constitutionality of Section 660, and the allegation of defendant's right of trial by jury, and the defenses numbered 2, 3, 6, and 7. The motion to strike was heard and granted by Judge Grimball.

An appeal was taken from so much of this order as held that the will could not be contested as a testamentary instrument, for that more than four years had passed since it was probated. The order of Judge Grimball was affirmed by the Supreme Court. See 178 S. C., 194, 182 S. E., 640.

No appeal was taken from that part of the order which upheld the constitutionality of Section 660 of the Code, nor from that part which declared that the action was not one triable by jury.

At the time of making the motion to strike, the plaintiff demurred to the defendant's counterclaim, which demurrer was sustained by Judge Rice, who ordered a reference on the whole case, to take the evidence and to hear and determine the issues of law and fact. It was in the argument on the demurrer that counsel for the defendant advanced the proposition of the existence of a secret trust *dehors* the

will. In due time the Master filed his report, in which he recommended that the prayer of the complaint be granted, and that plaintiff be decreed to be the owner in fee simple of the real estate in dispute.

In due time the defendant filed exceptions to this report, which were heard by Judge Lide.

We have been thus prolix in setting forth the cardinal facts of the case in order that they may be before us succinctly when we come to study the decree of Judge Lide, which decides the exceptions.

We have given it careful consideration, and after prolonged deliberation have reached the deliberate conclusion that it must be affirmed.

Appellant's counsel has interjected the question of a secret trust *dehors* the will. Frankly, we do not think that that issue was properly before the Court, but it was considered and decided. The presentation of the "Exhibit P" was ably and forcibly argued by defendant's counsel, but we are satisfied that if it be given consideration, it is far from presenting facts sufficient to prove a secret trust.

The decree of Judge Lide shows thorough and conscientious consideration, and sound decision of all the issues involved in the appeal. It is unnecessary to add anything to it, and it is satisfactory to the Court.

The exceptions are overruled, and the decree is affirmed. Let it be reported.

MESSRS. JUSTICES CARTER, BAKER and FISHBURNE concur.