15815

## WEINBERG v. WEINBERG

(37 S. E. (2d), 507)

*Mr. John G. Dinkins,* of Manning, Counsel for appellant,

*Messrs. DuRant, DuRant & Plowden,* of Manning, Counsel for Respondent,

March 14, 1946

MR. ACTING ASSOCIATE JUSTICE J. HENRY JOHNSON delivered the unanimous Opinion of the Court.

From the year 1921 until his death on October 6, 1944, Julien Weinberg, the elder, and J. A. Weinberg, his brother, appellant, were tenants in common, in equal portions, of a parcel of real estate in the town of Manning. By his last will and testament, dated December 22, 1928, Julien Weinberg, the elder, *having no children at that time,* devised his undivided one-half interest in such lot unto his wife, Irma M. Weinberg, the respondent. Some three or four years later, a son, Julien Weinberg, the younger, a youth of the age of thirteen years when this action was instituted, was born unto the testator and his wife, Irma. So far as the record discloses, no other testamentary disposition of his property, by codicil or new will, was ever attempted by the elder Weinberg after the birth of his child, and, shortly following the death of the former, the afore-

mentioned testament was admitted to probate in common form in Clarendon county on October 13, 1944. No effort to have the same proved in due form of law has been made, and it is agreed by the litigants that the son, Julien Weinberg, the younger, born, as indicated, after the making of the will but approximately twelve years before the death of the testator, and who takes nothing under his father's will, has until March, 1954, under the statutory law of this jurisdiction, within which he might require the proving of the same in due form of law, should he so desire.

In August, 1945, within one year of testator's death, his widow, sole beneficiary under the will, commenced this action for partition, the complaint alleging that she and appellant are the owners of the real property hereinbefore referred to, that it is not susceptible of partition in kind, and that they own no other land in this State in common. The appellant here, defendant below, answering, alleged that he "and the *estate* of Julien Weinberg, the elder, are the owners of said premises as tenants in common in equal portions; that Julien Weinberg, the elder, left as his heirs-at-law the plaintiff, Irma M. Weinberg, who is his widow, and a son, Julien Weinberg, the younger, who is an infant of the age of thirteen years; and said infant resides with his mother, the plaintiff herein"; and, in substance, that the "purported" will of Julien Weinberg, the elder, was admitted to probate in common form in October, 1944, under which plaintiff was devised the entire undivided interest of the testator in the real estate in question; that the alleged will was made in December, 1928; that the younger Weinberg, son of the testator, has until March, 1954, in which to contest the will of his father; and, if such contest be successful, the child would become entitled to a one-third interest in the premises constituting the subject of this action; that plaintiff, by seeking partition and sale of "her alleged and purported one-half interest" therein without making her and testator's child a party to the action, is making possible a multiplicity of suits, and creating a cloud upon the title she seeks to have

made under decree of the court, thereby producing a "Chilling" of the bidding at the sale, and causing the passing of a questionable title to any purchaser other than herself; that he is desirous of a partition at the earliest possible date, but only under such proceedings and in such manner as will result in a complete determination and settlement of all questions affecting the title to the lot in question; and that the child, Julien Weinberg, the younger, is a proper, necessary and indispensable party to such determination and settlement.

Contemporaneously with the service of his answer, the appellant moved before the resident (and then presiding) judge of the circuit for an order making the infant son a party-defendant to the action. Following argument upon the motion before Judge Stoll, the same was refused upon the ground that the question raised thereby was far-fetched, speculative, abstract and moot.

The exceptions challenge the correctness of the ruling below upon the grounds: (1) That the child is a proper and necessary party to the litigation, and that appellant is entitled, under Secs. 404, 8826 and 8932 of the Code of 1942, to have him made a party thereto; (2) That Judge Stoll construed Sec. 404 *strictly,* whereas appellant was entitled, under the circumstances, to a *liberal* construction thereof; and (3) that certain affidavits, asserting the sound mental capacity of testator at all times, should not have been received in evidence and considered by the trial judge.

Perhaps it should be observed that two of the affidavits were made by two of the witnesses to the will, neither of whom, however, had any independent recollection of having officiated in that respect. The third was by a reputable attorney of the town of Manning, who had known testator for thirty years, and who saw him almost daily.

Section 404 of the Code provides: "Any person *may* be made a defendant who *has* or *claims* an *interest in the controversy adverse to* the *plaintiff,* or who is a necessary party to a complete determination or settlement of the questions

involved *therein,* and in an action to recover the possession of real estate, the landlord and tenant thereof *may* be joined as defendants; and any person *claiming* title or a right of possession to real estate *may* be made parties plaintiff or defendant, as the case may require, to any such actions."

The applicable portion of Sec. 8826 reads: "No severance or partition shall be prejudicial or hurtful to any person or persons, their heirs or successors, other than such as are parties unto the said partition, their executors and assigns."

So much of Sec. 8932 as is pertinent is as follows: *"Probate in common form shall be good,* unless some person or persons *interested to invalidate the said paper as a will* shall give notice to the judge of probate, within one year next after such probate (or, if any party interested therein be subject to the disability of infancy, then, within one year next after such disability removed), that he, she, or they do require it to be proved in due form of law."

Appellant might also have relied upon Sec. 409 of the Code, which is *mandatory* as to the bringing in ou other parties "when a complete determination of the *controversy* cannot be had without the presence of other parties," whereas Sec. 404, by its terms, is *permissive.* With reference to what is now Sec. 404, this court has held that "This section, instead of being mandatory, is permissive. Persons interested in the controversy, or necessary to a complete determination of the action *may* be made defendants." *Marion County Lbr. Co. v. Whipple et al.,* 118 S. C., 90, 110 S. E., 70, citing and quoting from *Murray Drug Co. v. Harris,* 77 S. C., 410, 57 S. E., 1109.

"The following language, quoted in *Bank v. Seton,* 1 Pet., 299, 305, is appropriate here: 'The general rule as to parties is that when a bill for relief is brought all persons materially interested in the subject of the suit ought to be made parties, either as plaintiffs or defendants, in order to prevent a multiplicity of suits, and that there may be a complete and final decree between all the parties interested. But this is a rule established for the convenient administration of jus-

tice, and is subject to many exceptions, and is more or less a matter of discretion in the court'. The power being discretionary, the only logical person in whom it could be placed is the circuit judge. He having dismissed the motion, therefore, this Court, in the absence of abuse of discretion, will not interfere." *Marion County Lbr. Co. v. Whipple et al, supra,* quoting from *Murray Drug Co. v. Harris, supra.* Of course, the unhappily framed expression, "abuse of discretion" means a ruling made upon grounds and for reasons clearly untenable. *Norris v. Clinkscales,* 47 S. C., 488, 25 S. E., 797.

And the provision in Sec. 8932, authorizing one subject to the disability of infancy (but interested to invalidate the will) to require proof thereof in due form of law at any time within one year next after the removal of such disability, is also permissive and intended for the protection of the rights of the infant. It is permissive in that there is nothing to prevent an infant from requiring proof of the paper in due form during his minority. And certain it is that any person interested to invalidate a will may, by notice to the judge of probate, require all infants who would have been entitled to share in the distribution of a testator's estate, if he had died intestate, to be brought into court in a proceeding for proof of the will in due form of law.

The court can readily understand why the appellant would prefer to have the son of the testator, born after the making of the will and receiving nothing thereunder, made a party to the pending litigation, but we have not been convinced that his appearance as a party would have any effect on the title derived from the court's sale for partition. There is nothing in the record before us to indicate that he "has or claims an interest in the *controversy* adverse to the plaintiff;" that he is "a necessary party to a complete determination or settlement of the questions involved *therein";* that he is either landlord or tenant of real estate, the possession of which is sought to be recovered; or that he is a "person claiming title or a right of possession to real estate"; or that

there is any question as to the validity of his father's will, which might make him a "proper", if not a "necessary", party to an action for partition of realty devised by such instrument. Certainly, neither appellant nor respondent, in their carefully prepared pleadings, suggests any possible infirmity therein. By quoting from Sec. 404 and Sec. 409 of the Code, however, we do not intend to hold that one not embraced within the language of those sections may not be made a party upon sufficient showing that he is a "proper" party to litigation.

In *Mordecai v. Canty*, 86 S. C., 470, 68 S. E., 1049, the executor of a *second* will of Michael C. O'Neill, dated two weeks after the first will, made *the beneficiaries under the first will,* as well as the heirs, of the testator, parties to the proceeding to have the *second* will proved in due form of law, although Sec. 8932 requires only such "persons as would have been entitled to distribution of the estate, if the deceased had died intestate" to be brought in; and, in passing upon the Probate Court's order striking such parties' names from the records as improper parties (which ruling had been reversed by the Circuit Judge) this court commented: "It is not necessary to look for any statute conferring power on the Probate Court to make them parties. When jurisdiction of a subject-matter is conferred upon a court, the power to bring before it all necessary and *proper* parties for the determination of the matter follows as an incident to the jurisdiction". Of course, in that case, however, the beneficiaries of the first will were "persons interested to invalidate" the second will, and, therefore, "proper" parties in order to avoid a multiplicity of suits. So here, if Judge Stoll had ordered the infant made a party to the partition suit below, as a "proper" party, we are not prepared to say that his action would have been an abuse of his discretion. And certainly, in the absence of more specific legislation than the General Assembly has seen fit to enact, we cannot hold that his refusal so to do was a "ruling made upon grounds

and for reasons clearly untenable", and, therefore, an error of law.

Moreover, we are of the opinion that a *bona fide* purchaser for value at a judicial sale for partition of real estate devised by will is protected, even though the will be subsequently annulled or invalidated, if the purchase be made after the will has been admitted to probate in common form, as here, and before the institution of any action or proceeding contesting its validity. 40 Cyc., 2110, and cases there cited. And the same rule applies, it seems, to purchasers in good faith, for value, from beneficiaries under a will which has been duly probated and the estate distributed under proceedings which are not entirely void; but the beneficiary who sells may become liable as trustee to account to one who becomes entitled to a portion of the property after annulment of the will. 69 C. J., 1291, Sec. 2699. "A purchaser for value without notice of fraud under a devise in a will duly probated and recorded takes a good title". *Newborn et al. v. Leigh et al.*, 184 N. C., 166, 113 S. E., 674, 26 A. L. R., 266, and cases therein cited.

"The fact that, upon a caveat filed December 3, 1919, the will of John L. Hinton was set aside cannot possibly affect the title of the defendants. There is no evidence nor claim that the devisees named in the will, probated in 1910, had any knowledge or intimation that the will would be attacked, and there is no contradiction that these defendants, as well as all others in the chain of title to the said property, were purchasers for value before the caveat was filed, and without any notice of any defect in the will of John L. Hinton, and that they were in all respects *bona fide* purchasers. A purchaser for value without notice of fraud under a devise in a will duly probated and recorded takes a good title. Even were R. L. Hinton chargeable with constructive notice, this would not avail the plaintiffs in this action, *for the first purchaser may have notice and take title accordingly, yet a second purchaser for value from him, and without notice, is a bona fide purchaser, and takes a valid title.* 2 Devlin on

Deeds, Sec. 746. *The courts have even held that, where a purchaser for value without notice of fraud conveyed property, the second purchaser gets a good title even though he had notice of the fraud." Newbern v. Leigh, supra.*

In *Thompson v. Samson,* 64 Cal., 330, 30 Pac., 980, it was held, where the probate of a will is had, and the estate is distributed under the will, an heir, who, after removal of his or her disabilities, obtains a decree vacating the probate, cannot follow the property devised in the hands of a *bona fide* purchaser for value from a distributee prior to the revocation and at a time when the proceedings were valid and binding.

In *Foulke v. Zimmerman,* 14 Wall. (81 U. S.), 113, 20 L. Ed., 785, it was held that a probate of a will of realty in Louisiana, where the testator died domiciled in New York, is valid until set aside in the Louisiana court, and the purchaser from the devisee of such will of real estate in Louisiana, while the order of the court of that state establishing the will remains in force, is an innocent purchaser, and is not affected by a subsequent order setting aside the will to which he is not a party. To the same effect is *Davis v. Gaines,* 104 U. S., 386, 26 L. Ed., 757.

It is true that *Newborn v. Leigh, supra,* was decided under a statute providing that "Such record and probate is conclusive evidence of the validity of the will, until it is vacated on appeal or declared void by a competent tribunal", but our own statute (Sec. 8932-2) is to the same *effect,* providing in substance that *"Probate in common form shall be good", unless* upon proof in due form of law the paper offered as a will be invalidated; and it is held in *Wilkinson v. Wilkinson,* 178 S. C., 194, 182 S. E., 640: "As a proceeding to probate a will is a judicial one, a judgment or decree admitting a will to probate stands on the same footing as a judgment of any other court of competent jurisdiction; and while it is not conclusive in the sense that a person having the requisite interest may not attack it by a direct proceeding within the period of time allowed by statute, with-

out a statute conferring the right to contest, the order admitting the will to probate would be final on all parties. *So, after the lapse of the time allowed to have it set aside or annulled, or within that period and before action is taken, it stands as an adjudication that the instrument probated is the last will and testament of deceased, and it is conclusive of all matters properly before the court for determination.* 68 Corpus Juris, page 1228", Sec. 1092. And, in 28 R. C. L., 375, Sec. 376, the law is thus stated: "The admission or rejection of a will to probate is a judicial determination of the character and validity of the instrument presented as a will, and is in effect a judgment *in rem.* The decree of a probate court admitting a will to probate is final and conclusive if not reversed by the appellate court, or set aside and revoked by direct proceedings, and cannot be questioned collaterally".

All of which would seem to be conclusive as to the validity of the title to be acquired by the purchaser at the partition sale were it not for our own cases, jointly decided, of *Poag, Admr. v. Miller, and Poag, Admr. v. Black,* Dudley's Law, 11, 23 S. C. L., 11, where it was held: "On the probate of the will being set aside, the property of the deceased vested in the administrator, and he could recover it from anyone in whose hands it might be, or the value of it from anyone who had sold it". The property involved in those cases was *personal property,* and the court seems to have been influenced largely by the suggestion that the defense could rest only upon *title,* and that the exercise of dominion over the chattels by defendants, and their vendors, constituted conversion, for which the common law remedy of trover lay, notwithstanding the fact that they were innocent purchasers for value from vendors whose title and possession was directly traceable to the supposed will of one Thomas Carroll, the executors of which had delivered the chattels to the legatees named in the will prior to its invalidation; but more particularly because, while the strict rules of common-law pleading prevailed, as they did at the time of this decision in 1837, "the defense of a purchaser for valuable

consideration, without notice, is an equitable, not a legal one", and defendants were, in the cases there decided, in the law court.

The unsoundness of the decision, however, is shown by the first paragraph thereof, wherein it is stated: "In the case of *Poag, administrator v. Carroll,* this court held that *the executor was not liable in trover for an act done under and in pursuance of the will, while the probate remained; for the reason that his act was, when done, lawful; and that the subsequent revocation of his authority could not change its character".* And in the case mentioned, Dudley's law, 1, 23 S. C. L., 1, the same court held that *the executors-defendants "did have a right to take the negroes into their custody, and dispose of them, while the probate was bona fide in force. A probate, as long as it remains unrepealed, cannot be impeached * * * and gives the executors full power to receive and dispose of the effects according to the provisions of the will".* If the act of the executors while the will remained in force and the probate unrevoked, was, as the court held, lawful, and if the subsequent revocation of his authority could not change the character of such act, how can it be said that the legatees' receipt and exercise of dominion over them was unlawful? We are in complete accord with the dissenting opinion of Mr. Justice Gantt in the *Miller* and *Black cases, supra,* whose opinion was that "The purchaser from the legatee * * * stands precisely on the same footing with a purchaser from the executor himself, and both have a complete legal title. * * * I now predict that the law as settled in the two last cases will be productive of so much injustice and strife, as to compel the court to settle down in the view which I have taken". The view taken by Mr. Justice Gantt, it may be observed, is that followed by the weight of modern decisions elsewhere, and, in our opinion, expresses the sure and stable principles of logic and reason, law and equity.

It may not be amiss to direct the attention of the Bar to the fact that neither Section 8924 nor Section 8925 makes

any provision for a child or children of a testator born after the making of the latter's will, unless there were an older child or children, and unless some estate had been given to the latter by the will.

All exceptions are overruled, the first because it is not well taken, the others, because even if there were error as charged thereby, it was harmless in the light of the conclusions announced herein; and judgment affirmed.

MESSRS. ASSOCIATE JUSTICES STUKES, TAYLOR and OXNER and MR. ACTING ASSOCIATE JUSTICE G. DUNCAN BELLINGER, concur.