[S. F. No. 2192.   Department Two.—July 23, 1902.]

JAMES A. COSTA, Petitioner, v. SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent.

Estate of Deceased Persons—Administration of Estate of Living Person—Distribution—Annulment—Judgment for Return of Property—Excess of Jurisdiction—Certiorari.—An application to the court of probate jurisdiction to annul an administration upon the estate of a living person after a decree of distribution had been made, and for return of all the property which came to the hands of the administrator, is a probate proceeding, and cannot be treated as a suit in equity, where the administrator was served with a citation only in the matter of the estate, which did not require him to answer, or notify him that judgment would go against him for want of answer; and where he did not in fact appear, and no issue was tried, the court exceeded its jurisdiction in rendering judgment against him for all the moneys received by him and directing execution therefor in default of payment, and such judgment will be annulled upon writ of review.

PETITION in the Supreme Court for a writ of review to annul a judgment of the Superior Court of Santa Clara County.   M. H. Hyland, Judge.

The facts are stated in the opinion of the court.

C. D. Wright, and H. A. Gabriel, for Petitioner. ·

E. E. Cothran, for Respondent.

THE COURT.—Petition for writ of review.   It appears from the petition that plaintiff was appointed administrator of the estate of George W. Fay.   Thereafter, May 27, 1898, the estate was distributed to the heirs of Fay.   Pursuant to the decree, plaintiff paid to the distributees all the funds not disbursed in the course of administration, except $410.55. On April 14, 1899, said Fay filed a petition in said court in said matter, in which it was shown that he was the identical Fay whose estate was being administered by plaintiff as administrator.   The petition set forth the proceedings by which plaintiff became possessed of Fay's property as administrator; that during all the time the proceedings in administration were pending said Fay was absent from the state and ignorant

of said proceedings, and that he, the said Fay, is alive and in the flesh. He prayed: 1. That citation issue to plaintiff, Costa, said pretended administrator, to show cause why all the proceedings had by him in said matter should not be set aside; 2. Why all the property described in said proceedings, and received by Costa, should not be returned to the court by said pretended administrator, free from all charges and claims of every nature; and 3. Why all said property should not be forthwith ordered by the court paid to said petitioner, Fay. Citation duly issued, and Costa appeared without demurrer or answer, and consented that the court might set aside the proceedings had in the probate court, for want of jurisdiction, but denied the right of the court to determine any other matter involved in the litigation. It was stipulated that in the present proceeding the transcript in S. F. 2032, in the matter of the estate of George W. Fay, deceased, now on file in this court, should constitute the complete return to the petition for a writ of review. At page 49 of said transcript (as also set out in the present petition) is the following: "Finding 16: That said superior court never had or acquired jurisdiction to appoint said James A. Costa as administrator or to administer upon the estate of George W. Fay." The petition before us, then, shows that the court decreed as follows:—

"First—That all the proceedings taken and had in the matter of the estate of George W. Fay be set aside and annulled.

"Second—That all the property and estate of said George W. Fay received by James A. Costa, and described in the inventory,—to wit, the sum of $1,543.68, less the sum of twenty-five dollars (already received by Fay),—be returned and paid to the said George W. Fay, free from any and all claims or titles set up or asserted thereto by the said James A. Costa as said administrator or otherwise, or any one claiming under him.

"Third—That said James A. Costa pay to said George W. Fay the sum of $1,518.68, together with the costs incurred by said Fay, in this proceeding, taxed at the sum of $——.

"Fourth—That the clerk issue execution in favor of said George W. Fay against said James A. Costa for the sum of $1,518.68, together with said costs."

The prayer of the plaintiff's petition is, that the decree directing plaintiff to pay over said money, and in default that execution issue, be annulled for want of jurisdiction in said court to make said decree. No objection is made to the decree so far as it set aside the probate proceedings, but it is claimed that the court could go no further.

. It appears that the hearing in the court below on Fay's petition was had, and the decree entered therein on May 31, 1899. The administrator appealed to this court from that part of the judgment set forth in the second, third, and fourth paragraphs, which were the same as shown in the petition. The appeal was dismissed October 26, 1899, (126 Cal. 457,) and thereafter the administrator instituted the present proceeding. A demurrer to the petition was filed for insufficiency of facts, and on the further ground that plaintiff had a plain, speedy, and adequate remedy in that an appeal from the decree set forth is given by the code.

*Stevenson* v. *Superior Court,* 62 Cal. 60, was an application for a writ of review similar to the case here. The lower court made just such an order as was made here, except as to directing execution to issue. It was held by the court, in Bank, that the lower court had no jurisdiction to authorize an administration on the estate of a person supposed to be dead but who was in fact alive; that it was competent for him to prove the fact, and that he sought to make the proof in the right tribunal. The demurrer to the petition was sustained and the proceedings dismissed.

The question here is, Can the court go beyond the case of *Stevenson* v. *Superior Court,* and sustain that part of the judgment which directs Costa to pay certain moneys, and in default of such payment that execution issue? The case is easily distinguishable from *Heydenfeldt* v. *Superior Court,* 117 Cal. 348. In making the order of distribution the court there was clearly within its jurisdiction, although it, as was held by this court, committed error, in consequence of which property of the estate was given to petitioner. The probate court, upon the reversal, simply ordered the petitioner to restore what she had acquired through this error. The power of a court to right an injury done in this way by itself is generally admitted. In this case

the court finds that it has never acquired jurisdiction of the subject-matter involved in the proceeding. Its previous orders were entirely void, and in this very judgment it was so declared. The petitioner, therefore, has not been placed in possession of the property by any valid order or process of the court. After the judgment declaring the grant of administration and all subsequent proceedings void, the petitioner will be regarded as a trespasser from the beginning. He cannot be regarded as a receiver whose possession is that of the court.

Nor can it be said that the proceeding is a suit in equity. The petitioner was not served with summons, but with a citation. It did not require him to answer, or notify him that, in case of failure to do so, judgment would go against him. It purported to be a proceeding in an estate, and part of the relief demanded—to wit, the decree declaring the grant of administration void—was properly obtainable only in that proceeding. (*Stevenson* v. *Superior Court,* 62 Cal. 60.) It must therefore be deemed a proceeding in probate. Surely it cannot be both a bill in equity and a petition asking for relief which can be had only in the probate procedure. Counsel state that there is here no probate court, but a court of general jurisdiction, including probate jurisdiction. That may be so; but there is a special proceeding for the administration of the estates of deceased persons, and in that proceeding the power of the court is limited by the prescribed procedure. A citation issued entitled in the estate, and notifying the person to appear and show cause why a certain order should not be made, does not require the person notified to answer as in a personal action when summons is issued, nor does it assure him that if he answers and proposes certain issues he will have the right of an ordinary litigant in a suit in equity, especially when some part of the demanded relief can only be had in the probate proceeding.

Had the petitioner filed an answer making such issues as he might have made in an equitable action, there would have been no harm in saying that it would be regarded as an action in a court of equity, as was done in *In re Thompson,* 101 Cal. 349, though irregularly brought. Here the petitioner did not answer the petition or citation, and no issues were made, and therefore none were tried. He appeared in response

to the citation and declined to answer or demur. In the language of the trial court, "he stood mute," declining to plead. He was sworn as a witness and conceded that Fay was the person on whose estate he had administered, and he did not object to a decree declaring the administration void. Nor does he now. He only contends that the court could not render a judgment for the money and order execution. In short, he appeared in the probate court to object to the jurisidiction of that court to do anything more than to vacate the administration.

Suppose a petition entitled in the estate of Fay and addressed to the probate judge had been intended to serve as a bill in equity and no summons had been issued or served, but Costa had been cited as here, but had failed to appear, could judgment have been rendered against him? Could the court have treated it as a bill in equity, and if judgment had been entered would it have been sustainable on appeal? It seems plain that it could not be. This case seems equally obvious. A petition was filed asking for relief which could only be had in the probate proceeding, and also for relief which the court sitting in probate could not give. Costa simply appeared to object that the court had no jurisdiction to grant the additional relief. It is admitted that the objection was well founded, but it is contended that the proceeding may be converted into a bill in equity. If it were a suit in equity the party may have had many important privileges which might be denied him in a probate proceeding,—such as the right to request a jury trial, in case of an adverse decision to move for a new trial, and the right of appeal. It was important for the party to know in what forum he was called upon to answer.

It is therefore adjudged that the said court exceeded its jurisdiction in directing said Costa to pay to said Fay the sum of $1,518.68 and costs, and in directing its clerk to issue execution for that sum, and that portion of said order is annulled and vacated.