[Civ. No. 2993.   Second Appellate District, Division One.—September 8, 1919.]

E. M. BARBER, Petitioner, v. THE SUPERIOR COURT OF SAN DIEGO COUNTY et al., Respondents.

[1] EQUITY — JURISDICTION — ADJUSTMENT OF ALL RIGHTS.—Where equity has acquired jurisdiction for one purpose it will retain that jurisdiction to the final adjustment of all differences between the parties arising from the cause of action presented. It is the duty of a court of equity, when all the parties to the controversy are before it, to adjust the rights of all and leave nothing open for further litigation.

[2] ESTATES OF DECEASED PERSONS — OBTAINING OF FINAL DECREE THROUGH FRAUD — EXPIRATION OF TIME FOR RELIEF IN PROBATE COURT—EQUITY.—Where the decree settling a final account and distributing the estate of a deceased person has been fraudulently obtained but no opportunity remains by appeal or motion to obtain relief therefrom, the powers of a court of equity are at once available.

[3] ID.—ACCOUNTING — JURISDICTION OF EQUITY COURT.—Where an action is brought in equity to set aside a decree settling a final

1. Rule that equity assuming jurisdiction for one purpose will retain it for all purposes, note, Ann. Cas. 1912A, 803; exceptions to rule, note, 116 Am. St. Rep. 877.

account and distributing the estate of a deceased person on the ground that it was obtained through fraud, it being alleged that the final account of the administrator was false and fraudulent, and that he failed to account for a large amount of the assets of the estate, and falsely credited himself with sundry sums for which in fact he was not entitled to receive credit, and an accounting is prayed, such accounting may be made in the equity court; and the payment of the money found to be due into the hands of the new representative of the estate by the defaulting representative will constitute a protection against all claimants.

[4] ID.—ACTION AGAINST FORMER ADMINISTRATOR — PARTIES.—Under appropriate circumstances, an administrator may, in his own name, for the use and benefit of all parties interested in the estate, maintain a suit for an accounting against a former administrator; and in such an action, the administrator is the only necessary party plaintiff.

PROCEEDING in prohibition to prevent the setting aside of a decree settling a final account and distributing the estate. Writ denied.

The facts are stated in the opinion of the court.

Thomas, Beedy & Lanagan and Patterson Sprigg for Petitioner.

Bischoff & Thompson for Respondents.

CONREY, P. J.—The petitioner applied for a writ of prohibition commanding respondents to refrain from certain threatened proceedings in an action numbered 26,366 and entitled *Ostergard, Administratrix, et al.* v. *E. M. Barber and United States Fidelity and Guaranty Company.* An alternative writ was issued. Respondents' return is in the form of a demurrer, which rests upon the ground that the facts alleged are not sufficient to entitle petitioner to the demanded relief.

Barber was administrator of the estate of James Ostergard, deceased. His final account and petition for settlement and distribution of that estate were filed on the tenth day of September, 1914, in the superior court of San Diego County. On the twenty-ninth day of that month the account

4. Action by administrator against predecessor for accounting, note, 108 **Am. St. Rep.** 428.

was approved by order of court, and a decree of final distribution followed in due course. On the sixth day of July, 1916, the letters of administration of Barber were revoked. On the eighth day of July, 1916, Ingina Ostergard was appointed administratrix of said estate.

Thereafter, Ingina Ostergard, as administratrix, together with Victoria Jensen, Mary Larsen, and Ingina Ostergard, claiming to be the only heirs at law of James Ostergard, deceased, and claiming to be the only persons interested in his estate, commenced said action No. 26,366. In that action facts were alleged showing that said final account of Barber as administrator was false and fraudulent, and that in fact he failed to account for a large amount of the assets of the estate, and falsely credited himself with sundry sums for which in fact he was not entitled to receive credit; that the time within which an appeal might have been taken or any application for relief made, as against said order and decree in the probate proceeding, had expired before the alleged fraudulent acts of Barber were discovered by the plaintiffs. Plaintiffs demanded that said order and decree be vacated; that a true account be made, and prayed for such other and further relief as is agreeable to equity.

The petition herein shows that on the twenty-second day of March, 1919, in said action No. 26,366, findings of fact were entered, and conclusions of law thereon which were in favor of the plaintiffs; that the court proposes not only to set aside said order and decree in the probate proceeding, but also has made an order fixing a certain date for an accounting to be made by said Barber, before the court in said action No. 26,366.

By his petition herein said E. M. Barber seeks to prevent respondent from proceeding with such proposed accounting, in that action. His contention is that the settlement of such an account is within the exclusive jurisdiction of the superior court as a probate court, exercisable solely by a proceeding in the matter of the estate of James Ostergard, deceased, and that, therefore, the court in the equity case having set aside the order and decree formerly made, its sole further jurisdiction will be limited to the power to decree that a further accounting be made in the probate proceeding. This contention presents the only question now before us.

**[1]** 1. It is an established rule that "where equity has acquired jurisdiction for one purpose it will retain that jurisdiction to the final adjustment of all differences between the parties arising from the cause of action presented. It is, indeed, the duty of a court of equity, when all the parties to the controversy are before it, to adjust the rights of all and leave nothing open for further litigation." (*Swan* v. *Talbot,* 152 Cal. 142, [17 L. R. A. (N. S.) 1066, 94 Pac. 238].)

**[2]** 2. Let it be assumed that until the decree settling the final account of Barber as administrator and distributing the estate had been made, and until that decree had become final by expiration of the time within which an appeal therefrom might have been taken, the court in probate had exclusive jurisdiction over all matters of accounting by the administrator. But when that time had expired, and no opportunity remained by appeal or motion to obtain any relief against such decree, the powers of a court of equity were at once available if the decree had been fraudulently obtained; and those powers became active instead of latent, for the very reason that then the ordinary course of procedure within the limits of probate jurisdiction could not be used to afford the demanded relief. At the time when action No. 26,366 was instituted the court acquired jurisdiction over the subject matter thereof. Unless there is some peculiar limitation in the nature of the case, whereby the usual chancery powers are curtailed, we are certain that an accounting may be made in that action, and a decree entered granting complete relief between the parties before the court.

**[3]** 3. Petitioner contends that there is a reason why the accounting must be had in the probate court, in this, that the proposed decree will necessarily reopen the administration of the estate, by setting aside the decree of settlement of account and final distribution; that a new decree, based upon a new report, notice, and hearing, will be required in that proceeding; that, perchance, additional claimants to some interest in the estate will be unearthed; that such additional claimants being not before the court in the action in which it is now proposed to take an accounting, Mr. Barber will thus be exposed to two several attacks upon his administration where only one should be required. Counsel for petitioner say: "If the present case proceeds to a judgment, Mr. Barber will

have to pay to the plaintiffs the amount found due from him on an accounting. This will not protect him, because the probate court has not determined to whom the estate of James Ostergard is to go.'' This contention is not sound. Barber can satisfy any decree entered against him by paying the required sum into the hands of the administratrix, who is a plaintiff in the action, and as such administratrix will be responsible for the money so received. The court in its findings has declared, presumably upon sufficient evidence, that the plaintiffs are the only heirs at law, persons, and parties interested in the estate. With all his years of acquaintance with this estate and its affairs, petitioner does not anywhere suggest a claim that this finding is untrue. He rests upon the bare possibility that some new claimant might appear when the administration of the estate is about to be closed; and so raises this cloud, less substantial than ether, as a wall to limit the jurisdiction of a court of equity. [4] If there be some remaining unknown claimant, he has been represented by the administratrix as plaintiff in action No. 26,366. If section 369 of the Code of Civil Procedure applies to such an action—and we think that it does—she was the only necessary plaintiff in that action. "An administrator may, in his own name, for the use and benefit of all parties interested in the estate, maintain actions on the bond of an executor, or of any former administrator of the same estate.'' (Code Civ. Proc., sec. 1586.) There appears to be no good reason why the administrator may not, with like effect, under appropriate circumstances, maintain a suit for an accounting against a former administrator.

For the foregoing reasons an order has been entered denying the application for a peremptory writ and directing that this proceeding be dismissed.

Shaw, J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 6, 1919.

All the Justices concurred.