[S. F. No. 9401. In Bank.—July 26, 1920.]

HANNAH DOWDALL, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

[1] Prohibition—Settlement of Account of Testamentary Trustee—Pendency of Similar Proceeding in Different Superior Court.—A superior court which has jurisdiction under section 1699 of the Code of Civil Procedure to settle the account of a testamentary trustee cannot be restrained by a writ of prohibition from settling such an account, notwithstanding the pendency of a similar proceeding in the superior court of another county, since the former court having jurisdiction, its action cannot be controlled by the writ, even if proceeding erroneously.

[2] Estates of Deceased Persons — Settlement of Account of Testamentary Trust—Retention of Jurisdiction.—Where a will creates a trust, the superior court, sitting in probate, upon the distribution of the estate, retains jurisdiction of the estate for the purpose of the settlement of the accounts under the trust.

[3] Id.—Settlement of Account of Trustee—Pendency of Proceedings in Two Jurisdictions—Procedure.—The superior court which by virtue of the decree of distribution has jurisdiction of a trust created by will is the court of primary jurisdiction, and if a bill in equity is filed in any other superior court for the purpose of settling the account of such a trustee, that court, upon being informed of the jurisdiction of the court in probate and that an account is to be or has been filed therein for settlement, should postpone the proceeding in its own case and allow the account to be settled by the court having primary jurisdiction, provided the proceeding in the probate court is made in good faith and prosecuted with diligence.

[4] Id.—Proceeding in Court not Having Primary Jurisdiction— Validity of Judgment.—Where a proceeding for the settlement of the account of a testamentary trustee is pending in a different superior court from that having primary jurisdiction of such settlement, and no suggestion of such jurisdiction is made, the judgment of such court is valid and binding upon the court in probate in any subsequent proceeding therein.

APPLICATION for a Writ of Prohibition to restrain the Superior Court from settling account of testamentary trustee. Frank H. Dunne, Judge. Denied.

The facts are stated in the opinion of the court.

Walter R. Dunn for Petitioner.

Sanderson & Davis for Respondent.

The following opinion was prepared by Mr. Justice Kerrigan of the district court of appeal, first appellate district, while acting as justice *pro tempore* of this court in place of Mr. Justice Melvin. It is adopted as the opinion of the court.

THE COURT.—This is an application for a writ of prohibition directed to the superior court of the city and county of San Francisco, sitting in probate, enjoining it from proceeding with the settlement of the account of certain trustees of a trust created by the will of John Nuttall, deceased.

John Nuttall had by his last will created a trust in favor
of the petitioner, which was to continue after the distribu-
tion of his estate. His estate was distributed more than
twenty-five years prior to the commencement of this proceed-
ing; and while the trustees apparently were in touch with
the petitioner and with one another concerning the affairs
of the trust during the whole of this period, some ten years
had elapsed since the filing by them of any account. In the
month of January, 1920, the petitioner, as the beneficiary
of said trust, commenced an action against said trustees in
the superior court of Alameda County, where they reside
and where a portion of the real property subject to the
trust is situated, by which she sought an injunction to pre-
vent an alleged contemplated sale of part of said property
for an inadequate price, and also prayed for an accounting
and for the termination of the trust. The trustees appeared
generally in that action, and in their answer alleged that
under the trust they had no power to sell the property
without the consent of the beneficiary, plaintiff in that ac-
tion, and that they had never attempted to do so; that an
offer had been made to them to purchase said property;
that the said plaintiff had an undivided one-third interest
therein, the remaining two-thirds belonging to said trustees
individually; that they, believing that the price offered was
advantageous, had requested said plaintiff to join with them
in a sale thereof, but this she refused to do, and thereupon
commenced her said action to restrain said trustees from
making such sale. They also alleged in their answer that
under the terms of the trust they were permitted in their
discretion to terminate it after five years from the making
of the decree of distribution in the estate of said John Nut-
tall, deceased, but that the trust had never been terminated,
and they had continued in charge of the property there-
under by reason of the express desire and request of said
beneficiary; and they further alleged that said plaintiff was
indebted to them in a certain amount on account of fees
and advances in connection with their administration of
the trust. Subsequent to the filing of this answer, and when
a motion noticed to be heard in said action came on for
hearing, said motion was dropped from the calendar in pur-
suance of an oral stipulation, which was thereafter to be
reduced to writing, and whereby it was agreed that the trus-

tees should file their account in the superior court of the city and county of San Francisco (respondent) in the matter of the estate of John Nuttall, deceased. Later this account was filed, but when the parties attempted to reduce to writing their oral stipulation it developed that they could not agree as to the terms thereof, in view of which the petitioner, on February 13, 1920, after notice moved the court in Alameda County to set the case pending there for trial. The judge of that court, upon being apprised of the status of the two proceedings and that the account of the trustees had been filed in the superior court of San Francisco, declared that while he believed that he had concurrent jurisdiction with the said San Francisco court to settle said account, he would not, under the circumstances disclosed, interfere with the proceeding there, and he thereupon continued the hearing of the motion to set the case for trial to a day subsequent to the hearing of the account by that court.

When said hearing came on before said San Francisco court the petitioner there applied for an order suspending proceedings in said matter pending the determination of the action in Alameda County, upon the ground that by the commencement of that action the superior court of the city and county of San Francisco was divested of further jurisdiction to hear or determine said matter. That motion was denied, whereupon this proceeding was inaugurated.

On behalf of the respondent it is urged that its jurisdiction to settle the account of said trustees arises by virtue of the provisions of section 1699 of the Code of Civil Procedure, which, in part, provides: "Where any trust has been created by or under any will to continue after distribution, the superior court shall not lose jurisdiction of the estate by final distribution, but shall retain jurisdiction thereof for the purpose of the settlement of accounts under the trusts."

The petitioner, on the other hand, contends that while this section may confer upon the San Francisco court having jurisdiction of the estate of John Nuttall, deceased, power to settle the account of said trustees, it is at most a jurisdiction existing concurrently with that of the superior court of Alameda County, and that the jurisdiction of the latter is broader, in that it can grant the injunctive relief de-

manded; and that having acquired jurisdiction for this purpose, it should be permitted to take control and to dispose of the whole controversy (citing 1 Pomeroy's Equity Jurisprudence, secs. 231–237).

It appears, however, by the uncontradicted affidavit filed on behalf of the respondent herein that since the granting by this court of the order to show cause why the writ of prohibition prayed for in this proceeding should not issue the petitioner has consented to the sale of the real property which by her action in the superior court of Alameda County she sought to enjoin, and has joined in the conveyance thereof to the purchaser, so that the only relief she is now seeking is an accounting by the trustees and the termination of the trust. The trustees having filed in the superior court of the city and county of San Francisco their account as such trustees, and prayed its settlement and their discharge, it results that if such court is allowed to proceed, the petitioner will secure the very relief that she now seeks in the superior court of the county of Alameda. The latter court, recognizing the jurisdiction of the respondent, has by the exercise of proper judicial comity deferred action upon the suit pending before it, and under the circumstances as they now exist it is difficult to understand why the petitioner is still seeking the writ of prohibition against the respondent. [1] In any case it is clear that the respondent has jurisdiction of the matter (Code Civ. Proc., sec. 1699, *supra*), so that its action cannot be controlled by writ of prohibition (Code Civ. Proc., sec. 1102), and, even if proceeding erroneously, it would still be exempt from control by this writ. (*Southern Pac. Ry. Co.* v. *Superior Court*, 63 Cal. 607).

Writ denied.

Olney, J., Shaw, J., Lennon, J., Angellotti, C. J., and Wilbur, J., concurred.

Rehearing denied.

In denying a rehearing the court filed the following opinion on August 23, 1920:

THE COURT.—The petition for rehearing is denied.

In view of the argument and the possible misconception of the effect of our opinion, we deem it proper to add

some further remarks. **[2]** By section 1699 of the Code
of Civil Procedure the superior court, sitting in probate
upon the distribution of an estate wherein the will creates
a trust, retains jurisdiction of the estate for the purpose of
the settlement of the accounts under the trust. It follows
from this that in this particular case the superior court of
San Francisco has had jurisdiction of the estate for the
purpose of settling the trustees' accounts ever since the de-
cree of distribution of the estate of John Nuttall, deceased,
was made, more than twenty-five years ago. That jurisdic-
tion remains until the accounts are closed and the trustee
discharged. **[3]** It is also true that the superior court of
each county in the state has general jurisdiction in equity
to settle trustees' accounts and to entertain actions for in-
junctions. This jurisdiction is, in a sense, concurrent with
that of the superior court, which, by virtue of the decree
of distribution, has jurisdiction of a trust created by will.
The latter, however, is the primary jurisdiction, and if a bill
in equity is filed in any other superior court for the purpose
of settling the account of such trustee, that court, upon
being informed of the jurisdiction of the court in probate
and that an account is to be or has been filed therein for set-
tlement, should postpone the proceeding in its own case and
allow the account to be settled by the court having primary
jurisdiction thereof. We assume, of course, that the propo-
sition to settle the account in the court in probate is made
in good faith and will be prosecuted with diligence. Some
discretion is vested in the court on this point, and if it
appears that the suggestion of the primary jurisdiction of
the court in probate is made for delay or in bad faith, we
have no doubt that the other superior court might properly
proceed to judgment on the bill in equity. The court enter-
taining the bill in equity is not without jurisdiction. **[4]**
If no suggestion of the primary jurisdiction of the court in
probate is made to it, the judgment of such court in the
suit in equity will undoubtedly be valid, and upon any sub-
sequent proceeding in the court in probate under its juris-
diction such judgment would be binding upon that court.

Shaw, J., Olney, J., Wilbur, J., Lennon, J., and Lawlor, J.,
concurred.