## OSAGE COUNTY MOTOR CO.
## v. PAPPIN.

No. 19581. Opinion Filed Oct. 1, 1929.

Wilson & Duncan, for plaintiff in error.

J. M. Humphreys and Holcombe & Lohman, for defendant in error.

HUNT, J. This is an appeal from the district court of Osage county. The parties appear here as in the court below and will be so referred to herein. Plaintiff commenced this action in the district court against the defendant to recover on certain notes and to foreclose certain mortgages given to secure same. The defendant, Roosevelt Pappin, was, at the time of the execution and delivery of the notes and mortgages sued on, an allotted member of the Osage Tribe of Indians of 9/64ths Indian blood, of the age of 21 years, to whom a formal certificate of competency had not been issued by the Secretary of the Interior, and the only question presented by this appeal, as stated in the brief of plaintiff in error, is:

"Was the defendant, Roosevelt Pappin, at the time he executed and delivered the notes and mortgages sued on, legally competent to contract a debt?"

As also stated in plaintiff in error's brief, the question arises in this way:

"Roosevelt Pappin was an allotted member of the Osage Tribe of Indians of the age of 21 years and of less than one-half Indian blood. A formal certificate of competency had not been issued to him by the Secretary of the Interior, and the Secretary had not approved the notes and mortgages sued on.

"At the time of the execution of the notes there was in existence, unrepealed, the Act of Congress of February 27, 1925, one of the provisions of which was as follows:

" 'Sec. 6. No contract for debt hereafter made with a member of the Osage Tribe of Indians not having a certificate of competency, shall have any validity, unless approved by the Secretary of the Interior.' * * *' "

It was contended that, because Roosevelt Pappin was a member of the Osage Tribe of Indians to whom a certificate of competency had not been awarded, the notes sued on for contracts for debt were absolutely void, and that recovery could not be had on them. The trial court sustained this view and rendered judgment for defendant, and plaintiff prosecutes this appeal.

This identical question was before this court in the case of Pasley v. Union National Bank, 137 Okla. 171, 278 Pac. 621, and was decided adversely to the contention of plaintiff in error in an opinion filed October 9, 1928, wherein this court said:

"Where the meaning of language used by Legislature is plain, it must be given effect by the courts, and that part of section 6 of the Act of Congress of February 27, 1925, providing: 'No contract for debt hereafter made with a member of the Osage Tribe of Indians, not having a certificate of competency, shall have any validity unless approved by the Secretary of the Interior,' cannot be construed so as to limit the inhibition therein imposed to contracts affecting property of such Indian coming to them by reason of their membership in said tribe.

"So long as members of the Osage Indian Tribe remain under national guardianship, Congress may, as is done by section 6 of the Act of February 27, 1925, prescribe conditions under which a member of said tribe, not having a certificate of competency, may become indebted, though such Indians may, by other acts of Congress, have become citizens of the United States, and that part of section 6 of the act which reads: 'No contract for debt hereafter made with a member of the Osage Tribe of Indians, not having a certificate of competency, shall have any validity unless approved by the Secretary of the Interior', does not violate the Constitution of the United States."

This case is controlling here, and under the rule therein announced, the judgment of the district court of Osage county must be. and the same is hereby affirmed.

All the Justices concur, except MASON, C. J., and HEFNER, J., absent.