### DIAL v. KIRKPATRICK et al.

No. 22196. Nov. 21, 1933.

Withdrawn, Corrected, Refiled, and Rehearing Denied April 10, 1934.

Holcombe, Lohman & Barney, for plaintiff in error.

Humphrey & Spence, for defendants in error.

BUSBY, J. On November 23, 1927, Ida Kirkpatrick and Aileen O'Rourke, as plaintiffs, commenced an action in district court of Osage county against Charles P. Dial and wife, Eliza Dial, praying for the recovery of certain personal property described in a conditional sales contract, and to foreclose said contract as a mortgage lien, and for a deficiency judgment in the event the sale of the property did not satisfy the money judgment prayed for. Parties will be referred to hereafter as plaintiffs and defendants, as they appeared in the trial court.

The instrument sued on was dated February 5, 1926. At the time of its execution by Eliza Dial and Charles P. Dial, the said Charles P. Dial was a member of the Osage Tribe of Indians. The uncontradicted evidence was that Dial had not received a certificate of competency at the time of its execution and that the indebtedness of the said Dial had never been approved by the Secretary of the Interior of the United States. Plaintiffs obtained judgment in the district court by default on December 16, 1927. Judgment was entered for the sum of $2,393.70, with interest, and attorneys' fee in the sum of $250 was allowed. A sale was ordered of the personal property described in the conditional sales contract and the same was sold for the sum of $631.75, which sum was credited upon the judgment. Thereafter, and on the 18th day of July, 1930, another order of sale was issued out of the office of the court clerk of Osage county, reciting the existence of the judgment and of the unpaid balance due thereon, and further reciting that said judgment was a charge upon certain real estate situated in Osage county, which real estate constituted a portion of the allotted lands of Charles P. Dial as a member of the Osage Tribe. The lands were sold at sheriff's sale to one J. W. Stroud, who paid on the date of sale ten per cent. of the purchase price bid. Motion was made to confirm the sale. Prior to any order of confirmation the defendant Charles P. Dial filed in the trial court a motion to quash a levy of execution and vacate the same for the reason that the previous judgment upon which the sale was based was void. Sub-

sequently, another motion to vacate the sale was filed by Charles P. Dial, alleging that the order of the sale under which the sale was conducted was special in form as distinguished from a general execution. This motion elaborated on a former motion as to the invalidity of the judgment. A hearing was had upon the last-mentioned motion on October 7, 1930, at which hearing it was established that Charles P. Dial was a member of the Osage Tribe of Indians; that he had never received a certificate of competency; that the lands in question were a portion of his original allotment and that the indebtedness upon which the previous action was brought had never been approved by the Secretary of the Interior of the United States. The trial court denied the motion of Charles P. Dial and confirmed the sale. There are a number of other facts which could be mentioned in connection with this action, but it is not necessary to state these because of the views we entertain as to the fixed rights of the parties under the act of Congress hereinafter mentioned.

For reversal defendant urges, first, that the judgment is contrary to law and void on its face; second, that the judgment is void because it is based on an illegal contract; third, that the judgment is void because the court was without jurisdiction to render the same. We do not deem it necessary to discuss other grounds set forth in defendant's brief for reversal.

Section 6 of Act of Congress of February 27, 1925 (43 Stat. 1011), provides:

"No contract for debt hereafter made with a member of the Osage Tribe of Indians, not having a certificate of competency, shall have any validity, unless approved by the Secretary of the Interior."

Plaintiff contends that this section cannot be urged except as a defense properly pleaded in a pending action. The general rule is that a proceeding to open or vacate a judgment cannot be sustained on any grounds which might have been pleaded in defense of the action. Within this rule are included many defenses, such as payment; set-off and counterclaims; want or failure of consideration; fraud; forgery; and illegality of the contract or transactions out of which the alleged cause of action arose. 34 C. J. 499. The defendant urges, however, that this case falls within an exception or qualification to the general rule relative to opening or vacating judgments. That where a judgment has been entered in a cause of action founded upon

a transaction in contravention of public policy or an unlawful contract contrary to an express provision of law declaring the public policy of the state or nation, such judgment is void.

Section 6 of the act above quoted is clear and explicit. It simply provides that no contract for debt made by an Osage Indian is valid unless approved by the Secretary of the Interior. It was within the power of Congress to pass such an act for the protection of the Osages. The object was to protect the Indians from becoming the prey of designing persons. The contract was unenforceable when made, and in the absence of the approval of the Secretary of the Interior the court was without power to breathe vitality into an instrument unenforceable as a contract by reason of the acts of Congress. To hold otherwise would have the effect of thwarting and defeating an attempt of Congress intended to protect members of the Osage Tribe. Pasley v. Union National Bank, 137 Okla. 171, 278 P. 621; Osage County Motor Co. v. Pappin, 139 Okla. 23, 281 P. 217. In the last named case it was said:

"Where the meaning of language used by the Legislature is plain, it must be given effect by the courts, and that part of section 6 of Act of Congress of February 27, 1925 (43 Stat. 1011), providing 'No contract for debt hereafter made with a member of the Osage Tribe of Indians not having a certificate of competency, shall have any validity, unless approved by the Secretary of the Interior,' cannot be construed so as to limit the inhibition therein imposed to contracts affecting property of such Indian coming to them by reason of their membership in said tribe.

"So long as members of the Osage Indian Tribe remain under national guardianship, Congress may, as is done by section 6 of the Act of February 27, 1925 (43 Stat. 1011), prescribe conditions under which a member of said tribe, not having a certificate of competency, may become indebted, though such Indians may, by other acts of Congress, have become citizens of the United States, and that part of section 6 of the act which reads, 'No contract for debt hereafter made with a member of the Osage Tribe of Indians, not having a certificate of competency, shall have any validity, unless approved by the Secretary of the Interior,' does not violate the Constitution of the United States."

Section 5065, C. O. S. 1921, provides:

"Those contracts are unlawful which are: First. Contrary to an express provision of the law. Second. Contrary to the policy of express law, though not expressly prohibited; or, third. Otherwise contrary to good morals."

In the case of Bass v. Smith, 12 Okla. 485, 71 P. 628, the territorial court of Oklahoma held, with reference to a contract for the purchase and sale of government homestead made in violation of the laws of the United States:

"1. No action, either at law or in equity, can be maintained on a contract that is forbidden by law. The sound policy of the law is to leave the parties in all such cases without a remedy, since the courts will not lend their aid to a party who bases his action on a contract in violation of the organic law or the statute, or upon an act that is immoral or is in contravention of sound public policy. No legal right can arise from such a source."

Plaintiff urges that, even though the judgment is contrary to law, the defendant is precluded from asserting the illegality of the contract after judgment. The judgment had not been executed as long as the plaintiff must rely upon the assistance of the court to execute and receive the benefit of the same. This court considered this question in the case of the City of Norman v. Van Camp, 87 Okla. 182, 209 P. 925, wherein it was held:

"Where a judgment or any part thereof clearly violates the plain provisions of the Constitution or statutes, such judgment or the part thereof that is. in direct conflict with the Constitution or statutes is to that extent void and cannot be enforced."

Other cases holding in conformity with the above case are Appeal of Bredin, 92 Pa. 241, 37 Am. Rep. 677; Fields v. Brown (Ill.) 58 N. E. 977; Schley v. Andrews (N. Y.) 121 N. E. 812; Barnard v. Bilby, 68 Okla. 63, 171 P. 444.

In the case of the People ex rel. Arkansas Valley Sugar Beet & Irrigated Land Co. v. Burke, 72 Colo. 486, 212 P. 837, it was held:

"When a statute prohibiting an act is an expression of public policy of the state that the act is against good morals and public interest, and provides no penalty, a contract in violation of the statute is wholly void as well as any decree attempting to enforce the contract."

The defendant Dial is a member of the Osage Tribe of Indians without a certificate of competency. The land involved is a part of his allotment. The judgment obtained by the plaintiff herein is not a lien upon his allotted land and said lands can-

not be taken and sold in satisfaction of the alleged judgment. This court held in the case of Hewitt v. Voils, 147 Okla. 270, 296 P. 447:

"A judgment against an Osage allottee on a bond executed in replevin before the certificate of competency issues is not a lien upon the restricted land of such allottee, and the land cannot be subjected to the satisfaction of such judgment."

Therefore the judgment of the trial court will be reversed and remanded, with directions to set aside the order of confirmation and to make an order canceling the sheriff's deed and tax the cost of this proceeding to the plaintiff.

RILEY, C. J., and SWINDALL, McNEILL, OSBORN, and WELCH, JJ., concur. CULLISON, V. C. J., and ANDREWS and BAYLESS, JJ., absent.