[Civ. No. 11973.   Second Appellate District, Division Two.— December 15, 1938.]

In the Matter of the Estate of S. CAROLA McLENNAN, Deceased. THE PRESBYTERIAN HOSPITAL ASSOCIATION OF COLORADO (a Corporation), Appellant, v. J. STEWART JACKSON et al., Respondents.

Frederick D. Anderson and Bertram L. Linz for Appellant.

Conroy & Conroy, Chambers & Lyman, Don Conroy and Robert Chambers for Respondents.

McCOMB, J.—This appeal transferred from the Supreme Court to this court for decision pursuant to the provisions of article VI, section 4c of the Constitution of the state of California is from an order of the superior court sitting in probate, settling the final account of a trustee under a testamentary trust and ordering that the petition of the trustee for distribution and the adverse claims of appellant and respondent herein to the trust estate be heard and determined by the superior court sitting in equity.

The essential facts are:

Decedent died testate August 27, 1929. She by the terms of her will, after making certain specific bequests, left the remainder of her estate to the California Trust Company as trustee to be held in trust by it during the life of her sister-in-law, Xenia Lambie, upon certain trusts. Upon the death of Xenia Lambie the trust was to terminate and the property was to be conveyed to ''The Presbyterian Hospital of Denver, Colorado''. January 21, 1931, the probate court made an order settling the final and supplemental accounts of the executor and decreeing distribution as provided in the will.

March 24, 1937, Xenia Lambie died. June 30, 1937, the California Trust Company as trustee filed its final account and petition for distribution of the trust estate, alleging that a question had arisen as to the correct identity of the institution referred to by the testatrix as ''The Presbyterian Hospital of Denver, Colorado'', and that after an investigation it believed the correct name of the institution so referred to was ''The Presbyterian Hospital Association of Colorado'', appellant here, and requested the court to make distribution accordingly. July 23, 1937, respondents filed objections against the determination requested by the trustee, alleging that the beneficiary named in the will, to wit, ''The Presbyterian Hospital of Denver, Colorado'', was nonoperative and therefore not able to take the trust estate; and further, that appellant was likewise unable to take the trust estate.

January 5, 1938, respondents filed in the superior court an action to quiet title to the property which is the subject of the trust against the California Trust Company, the Presbyterian Hospital Association of Colorado, a corporation, and The Presbyterian Hospital of Denver, Colorado, a corporation.

March 2, 1938, Judge Dockweiler, sitting as a judge of the probate court, settled the final account of the trustee and made an order that the conflicting claims of the parties to the trust estate be determined in the quiet title action above referred to, superior court No. 423845.

■ This is the sole question to be determined:

*Is it within the discretion of the probate court, which has jurisdiction over a testamentary trust, to order, upon termination of the trust, the settlement of conflicting claims to the corpus of the trust by the superior court sitting as a court of equity?*

This question must be answered in the affirmative. A probate court which has jurisdiction over a testamentary trust has concurrent jurisdiction with the superior court sitting as a court of equity to determine upon termination of the trust conflicting claims to the *corpus* of the trust. (*Dowdall* v. *Superior Court,* 183 Cal. 348, 353 [191 Pac. 685]; *McCaughna* v. *Bilhorn,* 10 Cal. App. (2d) 674, 684 [52 Pac. (2d) 1025].) In cases where two courts have concurrent jurisdiction to determine a matter, either court may stay proceedings before it until determination of the case by the other court.

In the instant case there is no showing that the probate judge in any way abused his discretion in settling the final account of the trustee and ordering the conflicting claims to be determined in the quiet title action.

For the foregoing reasons the order appealed from is affirmed.

Crail, P. J., and Wood, J., concurred.