## LAKE v. SLAYDEN.

No. 28720. May 31, 1939.

Rehearing Denied June 20, 1939.

Ralph A. Barney, for plaintiff in error.

Hamilton & Kane and Dean Belk, for defendant in error.

WELCH, V. C. J. The determining question presented herein is whether the allotted land of a member of the Osage Tribe of Indians of less than one-half degree Indian blood, never having been granted a certificate of competency, is subject to attachment at the suit of a plaintiff attempting to enforce the obligation of a contract entered into on April 4, 1936.

Plaintiff in error asserts that under the provisions of an Act of Congress approved March 3, 1921, all restrictions against alienation were removed as to adults of less than one-half degree Indian blood, and relies

strongly upon the opinion of the United States Supreme Court in Goudy v. Meath, 203 U. S. 146, 51 L. Ed. 130, in support of his theory herein to the effect that a removal of all restrictions subjects the lands to involuntary alienation as well as voluntary alienation, and therefore subject to levy in this case.

We have carefully considered that case, and observe that therein the court held that the act of Congress therein construed did not save the land from involuntary alienation through the process of the state taxing power. We note further the statement of the court therein as follows:

"That Congress may grant the power of voluntary sale while withholding the land from taxation or forced alienation may be conceded."

In considering the question here, however, we must consider the applicable acts of Congress in force at the time of the action taken herein.

The contract sought to be enforced in this case was entered into on April 4, 1936, and of course the levy was made subsequent thereto. During such times the Act of March 2, 1929, was in force and applicable. Section 5 thereof, 25 U. S. C. A. § 331 note, provides:

"Sec. 5. The restrictions concerning lands and funds of allotted Osage Indians, as provided in this act and all prior acts now in force, shall apply to unallotted Osage Indians born since July 1, 1907, or after the passage of this act, and to their heirs of Osage Indian blood, except that the provisions of section 6 of the Act of Congress approved February 27, 1925, with reference to the validity of contracts for debts shall not apply to any allotted or unallotted Osage Indian of less than one-half degree Indian blood; Provided, That the Osage lands and funds and any other property which has heretofore or which may hereafter be held in trust or under supervision of the United States for such Osage Indians of less than one-half degree Indian blood not having a certificate of competency shall not be subject to forced sale to satisfy any debt or obligation contracted or incurred prior to the issuance of a certificate of competency. * * *"

The language of the proviso of that section of the act of Congress appears plain and unequivocal, and although permitting certain classes of Indians to contract, which right they did not enjoy before by reason of section 6 of the Act of Congress approved February 27, 1925, it carefully excluded their allotted lands from forced sale for debts contracted before the issuance of a certificate of competency. We see therein a clear use of the power of Congress in that regard as recognized in the Goudy Case, supra.

It might appear logical to assume that a removal of all restrictions upon the land is equivalent to the issuance of a certificate of competency to all Indians within that class, if it were not definitely established that the Osage Indians are wards of the government, and the Congress has plenary power to legislate concerning them, in addition to a control in the matter of restrictions upon alienation of their lands. The 1929 Act permitted those Indians of the class of the defendant in error in this case to enter into contracts. That privilege had been denied by the 1925 Act. See Grieves v. Mickels, 171 Okla. 230, 42 P.2d 526; Dial v. Kirkpatrick, 168 Okla. 21, 31 P.2d 591. Had it not been for the 1929 Act the contract here would have been wholly void, and although the later act permits an Osage Indian of this class to contract before the issuance of a certificate of competency, it specifically, by proviso, exempts or restricts his allotted land from forced sale in satisfaction thereof.

The judgment is affirmed.

BAYLESS, C. J., and OSBORN, GIBSON, and DAVISON, JJ., concur.