[L. A. No. 18478. In Bank. Mar. 3, 1943.]

BIRDETTA WILLSON, Appellant, v. SECURITY-FIRST NATIONAL BANK OF LOS ANGELES (a National Banking Association) et al., Respondents.

706

Walter R. Powers and Lewis C. Teegarden for Appellant.

Newlin & Ashburn and A. W. Ashburn for Respondents.

PETERS, J. pro tem.—Plaintiff appeals from a judgment for defendant entered after general and special demurrers were sustained to the complaint without leave to amend.

It appears from the complaint that defendant bank was formerly trustee of a testamentary trust created in 1916 by the will of Calvin A. Willson, of which plaintiff, after June 15, 1926, was the sole beneficiary. It is alleged that defendant sold trust property for the sum of $10,000, which it invested in a participation certificate issued by it without securing a permit from the Commissioner of Corporations. The result is, in plaintiff's analysis, that the participation certificate was void and valueless, and she is entitled to recover the amount paid therefor. The position of defendant is that the certificate was issued under section 104 of the Bank Act, and that no permit was required from the Corporation Commissioner. Section 104, as it existed on March 28, 1931, when the certificate was issued, authorized a bank issuing such certificates to sell them to trusts administered by it. (Stats. 1925, chap, 312, p. 510, at p. 526; Deering's Gen. Laws, 1931, Act 652.)

It is averred that the certificate herein was one of several issued against a note for $50,000 executed by one Woodruff in favor of defendant bank, and was secured by a deed of trust on real property, and that the bank transferred the note and deed of trust to itself as trustee and created Participation Trust 6800–13, with the note and deed of trust constituting the corpus. On March 28, 1931, it issued Participation Certificate 17207 in the sum of $10,000 to itself as trustee of the Willson trust, and on August 30, 1940, it made out a new certificate in substitution therefor, which it assigned to plaintiff. Plaintiff alleges that she did not discover that the certificate was issued without authority of the Corporation Commissioner until after August 30, 1940.

Between April 17, 1934, and September 12, 1937, the defendant bank paid taxes and assessments on the property covered by the Woodruff deed of trust, upon the owner's default in discharging them, and paid to itself from the funds of the Willson trust a pro rata of such expenses. Plaintiff avers that she has been damaged in the amount of $10,000, the sum paid for the participation certificate, plus the

amounts expended for taxes and assessments, making a total of $12,094.06, with interest, for which she prays judgment.

The complaint was filed May 2, 1941. Plaintiff alleges that defendant was trustee up to and including June 25, 1940, and, as set forth above, that on August 30, 1940, the defendant assigned the participation certificate for $10,000 to her. The complaint is silent as to the circumstances under which defendant ceased to be trustee, and as to whether it ever filed a final accounting, or any accounting. It is not averred that the trust has terminated, except as a termination is implicit in the allegation of assignment of the participation certificate to plaintiff. These uncertainties are made a ground of special demurrer.

In a second count plaintiff incorporates the allegations of the first count, and also avers that defendant represented on stated dates between August 1, 1932, and July 30, 1940, that the purchase of the participation certificate was authorized by law, and was carefully selected and made for the best interests of the plaintiff, and that the certificate was issued and sold under permit granted by the Corporation Commissioner; that these statements were false, fraudulent and untrue; that the investment was hazardous, speculative and not a proper one for trust funds; that the market value of the property securing the Woodruff note was less than sixty per cent of the amount of the loan. It is further alleged that plaintiff relied on the defendant's representations and failed to discover the true facts until subsequent to August 30, 1940. It is not alleged how the discovery was made, nor why the true facts were not discovered sooner.

A third count simply alleges that within two years last past defendant became indebted to plaintiff in the amounts totaling $12,094.06. The complaint does not purport to invoke the probate jurisdiction of the court.

Under section 1120, Probate Code, the court sitting in probate has jurisdiction of the accounts of a testamentary trustee. The section provides: ''When a trust created by a will continues after distribution, the superior court shall not lose jurisdiction of the estate by final distribution, but shall retain jurisdiction for the purpose of determining to whom the property shall pass and be delivered upon final or partial termination of the trust, to the extent that such determination is not concluded by the decree of distribution, of settling the accounts and passing upon the acts of the trustee and for

the other purposes hereinafter set forth . . . .'' The forerunner of this provision was section 1699, Code of Civil Procedure. Except for this grant of authority, jurisdiction of the accounts of a testamentary trustee would be in equity. (*Estate of McLellan,* 8 Cal.2d 49, 55 [63 P.2d 1120]; *Parkman* v. *Superior Court,* 77 Cal.App. 321 [246 P. 334].)

In *McLaughlin* v. *Security-First Nat. Bk.,* 20 Cal.App.2d 602 [67 P.2d 726], and *Ormerod* v. *Security-First Nat. Bank,* 21 Cal.App.2d 362 [69 P.2d 469], defendant herein was sued in equity for amounts paid to itself from other testamentary trusts for the purchase of participation certificates issued by it, on the ground that no permit had been obtained from the Corporation Commissioner. The complaints in those actions showed that the purchase had been reported in the trustee's accountings, that no objections had been filed, and that the accounts had been approved by the probate court. It was held that the complaints failed to state a cause of action for the reason that the orders in probate settling the trustee's accounts were res judicata as to the propriety of the investment in the participation certificates, and as to the validity of the certificates for the purpose of determining the trustee's personal liability to the beneficiary. Section 1123, Probate Code, provides: ''A decree rendered under the provisions of this chapter, when it becomes final, shall be conclusive upon all persons in interest, whether or not they are in being.''

In both cases the courts held that the complaints in equity failed to state a case for relief on the ground of extrinsic fraud from the probate orders settling the trustee's accounts; that in the absence of such fraud the beneficiaries had their opportunity to object to the investment in participation certificates when the trustee's accounts were settled, and they were concluded by the order of settlement.

In the cited cases the complaints in equity specifically alleged that the trustee's accounts reporting the purchase of the certificates had been approved. The complaint in the present case is silent as to whether the purchase has been reported to the probate court. That in fact it has been reported is set forth by respondent in its brief, and, in effect, conceded by appellant, although appellant does contend that such fact is immaterial.

In a supplement to respondent's brief are set forth copies of eight trustee's accounts, filed between September 28, 1931,

and July 22, 1940, and also the orders settling the accounts as rendered. The last of these accounts is a final account. The beneficiary's receipt on distribution, and the order of discharge of the trustee thereon, are also included in the supplement.

It appears from the final account that the beneficiary of the trust, plaintiff herein, had brought an action in equity for its termination. On June 25, 1940, the court made its order to that effect, wherein it decreed that the defendant should forthwith file its final account in the court sitting in probate. A copy of the order of June 25, 1940, was attached to the final account. Doubtless the action in equity for termination was brought under the authority of *Estate of Hubbell,* 121 Cal.App. 38 [8 P.2d 530].

The account filed September 28, 1931, reported the purchase of the "Trust Participation Certificate" as follows: "1931 Mar. 30 $10,000 S–6800/163." Subsequent accounts listed the certificate as an asset of the trust and included a statement substantially as follows: "All investments made for said trust are in securities authorized by law or by the terms of said trust and have been carefully made for the purpose of serving the best interests of said trust and all persons interested therein." There was no statement, however, that the certificates had been issued without a permit from the Corporation Commissioner. The twelfth account reports the institution of foreclosure proceedings on the Woodruff deed of trust, and the fourteenth account, that a deed had been accepted in lieu of foreclosure. No objections to the accounts were filed by the beneficiary.

■ It is the general rule that the defense of res judicata may be raised by demurrer where the facts which give rise to it appear in the complaint. This was the situation in the McLaughlin and Ormerod cases, *supra.* But where such facts are not averred, the defense must be raised otherwise than by demurrer. (*Mason* v. *Drug, Inc.,* 31 Cal.App. 2d 697 [88 P.2d 929]; *Talbot* v. *City of Pasadena,* 28 Cal. App.2d 271 [82 P.2d 483]; 30 Am.Jur., § 264, p. 989; see annotation, 101 A.L.R. 1325.) ■ Defendant herein contends that the trial court was entitled to take judicial notice of the accounting proceedings in the same court sitting in probate, with like effect as if they had been pleaded in the complaint. The defense of res judicata was specifically raised

by demurrer. Generally a court takes judicial notice only of proceedings in the same case. (10 Cal.Jur., § 52, p. 727, citing cases.) But in some circumstances judicial notice will be taken of proceedings in other cases in the same court in the interests of justice. (*Hammell* v. *Britton,* 19 Cal.2d. 72 [119 P.2d 333]; *Johnston* v. *Ota,* 43 Cal.App.2d 94 [110 P.2d 507].) To hold that a court may generally take judicial notice of another proceeding with a view to determining whether it is a bar to the pending suit, would do away with the rule that the defense of res judicata may not be raised by demurrer unless the facts appear in the complaint, in those cases where the judgment relied on as a bar was rendered by the same court. In the case herein we are of the view that the judgment of the trial court must be sustained without reference to judicial notice.

The allegations of the complaint that defendant was trustee up to and including June 25, 1940, and that on August 30, 1940, it assigned the participation certificate to plaintiff, indicate that defendant has ceased to be trustee. This action was filed May 2, 1941. The complaint is uncertain and incomplete in that it does not appear whether the trustee has accounted and been discharged. While it appears that the defendant is no longer trustee and that the participation certificate has been assigned to plaintiff, it does not appear whether this is an action brought after the trustee has accounted and his accounts have been settled, or whether an accounting proceeding is pending, or whether no account has been filed. The absence of allegations as to these matters was made a ground of special demurrer. In the event the trustee had accounted, the inference would be that it had performed its duty and reported the purchase of the certificate, in the absence of an affirmative allegation that it had not; and if the account reporting the purchase had been approved, the order of approval would be res judicata as to the trustee's liability therefor. The special demurrer based on these omissions is well taken.

Plaintiff sought leave to file an amended complaint, which, however, was identical with the original except that it added specific allegations that the certificate purported to be issued under section 104 of the Bank Act. Plaintiff made no offer to clear up the above uncertainties, pointed out by

defendant in its special demurrer. In these circumstances this is not a case where this court, under section 472c, Code of Civil Procedure, should direct that plaintiff be permitted to amend, for it appears from uncontradicted matter in respondent's brief that had plaintiff set forth the facts as to these matters they must inevitably have demonstrated that the plaintiff's right to hold the defendant personally liable for trust funds invested in the purchase of the participation certificate was foreclosed by the orders approving defendant's accounts.

No useful purpose would be served in discussing plaintiff's right to bring an action in equity had the trustee not accounted to the probate court, or to consider whether the jurisdiction conferred on the court sitting in probate by section 1120, Probate Code, *supra,* is exclusive, or is concurrent with the exercise of jurisdiction sitting in equity. (As bearing on this question see: *Dowdall* v. *Superior Court,* 183 Cal. 348 [191 P. 685] ; *King* v. *Chase,* 159 Cal. 420 [115 P. 207] ; *Estate of McLennan,* 29 Cal.App.2d 666 [85 P.2d 499] ; *Turney* v. *Shattuck,* 96 Cal.App. 590 [274 P. 442] ; *Barber* v. *Superior Court,* 43 Cal.App. 221 [184 P. 952] ; *Colden* v. *Costello,* 50 Cal.App.2d 363 [122 P.2d 959] ; *Howard* v. *Bennett,* 53 Cal.App.2d 546 [127 P.2d 1012].) Assuming that an accounting could be sought in equity as well as in probate, the present action is not for a general accounting, but seeks relief as to a single transaction.

It is true that the court sitting in probate, although determining the extent of the individual liability of the trustee, may not render a personal money judgment against him upon which execution may be had. (*Estate of McLellan,* 8 Cal.2d 49 [63 P.2d 1120] ; *Costa* v. *Superior Court,* 137 Cal. 79 [69 P. 840] ; *Estate of Rey,* 31 Cal.App.2d 648 [88 P.2d 718].) But the probate decree may be enforced by appropriate means, as by contempt if the trustee is able to pay, or by an action at law based on the probate decree, in like manner as an order settling accounts and for final distribution in the estate of a decedent may be made the basis of contempt proceedings or an action at law. (11b Cal.Jur. § 1148, p. 617; see, also, §§ 1310-1312, pp. 818-821, citing cases; § 1021, Prob. Code.)

Plaintiff does not contend that the facts are not ex-

actly as stated by defendant. Rather it is her position that these facts as to defendant having accounted and been discharged have no bearing on the present suit. The present action, says plaintiff, is not against defendant as trustee, but as the issuer of the participation certificate. It is urged that the trustee in its individual capacity was the issuer of the certificate, and that this action is against it as an individual. Again the plaintiff contends that the basis of this suit is not anything done by the bank as trustee, but is for acts done as an individual. As trustee of the Willson trust the bank purchased the certificate, but in its individual capacity it issued and sold the certificate to itself as such trustee, in plaintiff's analysis. It is as if the bank as trustee had purchased the certificate from a third person, plaintiff contends.

The fact of the matter is, however, that the certificate was not purchased from a third party. It is of the essence of a decree in an accounting proceeding, whether in equity or probate, that it determines the individual liability of the trustee. The whole purpose of the proceeding is to fix the amount for which the trustee, or personal representative of a decedent, is individually liable. If the trustee, or personal representative, has acted in an unauthorized manner and by reason thereof is liable in a greater sum than that for which he charges himself, his account will be surcharged. The purchase of the participation certificate herein was a trust transaction. We are of the view that the individual liability of the trustee by reason of that transaction, whether as purchaser or seller, was involved in and concluded by the accounting decree. The individual liability of the defendant bank as to this transaction is the matter concluded, which means any and all individual liability in respect thereof. It would be anomalous if two separate proceedings were required to determine the individual liability to the same person on account of a single transaction of one who had acted as trustee.

In *Carr* v. *Bank of America, etc. Assn.*, 11 Cal.2d 366 [79 P.2d 1096, 116 A.L.R. 1282], the defendant bank was named both executor and trustee of a trust created by will. An agreement was made by the legatees and beneficiaries that stock in the estate be distributed to the trustee in kind in lieu of cash, and distribution was thus made. One of the beneficiaries thereafter brought an action against the bank

in which he failed to show extrinsic fraud. It was held that the decree in probate protected the bank in its capacity as trustee, as well as executor.

The present action is not one to subject assets of the participation trust, against which the certificate was issued, to plaintiff's claim of damage.

■ The plaintiff further contends that the decree of the probate court in an accounting proceeding cannot determine the validity of securities, and that a determination of the validity of the certificate is, *a fortiori,* a determination of title, which cannot be had in the probate court. The question on the settlement of the trustee's account is whether the trustee shall be individually liable for the amount of trust funds expended for the certificate. For the purpose of determining this monetary liability the probate court can pass upon the validity of the security, even though such determination, binding as between the trustee and beneficiary, would not conclude a third party who had issued and sold the security. In the case herein the individual liability of the bank as issuer is concluded since it, and not a third party, created the security.

It follows from the above discussion that the first count of the complaint is uncertain and the demurrer on that ground was well taken. It further appears from facts stated in respondent's brief as to matters of public record, which are not disputed, that any attempt to clear up the uncertainty would reveal that the accounting orders in probate bar the cause of action stated in the first count.

The second and third counts incorporate the first by reference. The second contains additional allegations as to defendant having represented to plaintiff that a permit had been procured from the Corporation Commissioner. In the second and third counts inhere the same uncertainty as in the first. The complaint does not seek to secure relief from the probate orders on the ground of extrinsic fraud. It contains no reference to any orders in probate as the foundation for extrinsic relief therefrom. In the absence of such allegations no cause of action has been pleaded.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., and Traynor, J., concurred.

CARTER, J.—I dissent. In this case it appears that the defendant corporation, was the trustee of an express testamentary trust. Plaintiff is the beneficiary. In that capacity it transferred $10,000 of the trust funds to itself in its individual capacity to be and which was used by it in making a loan it made to a third person; the loan was secured by a trust deed on real property. In order to complete the loan it put other funds with the $10,000, and established a trust to hold the note and trust deed given by the debtor. It then issued participating certificates in the last-mentioned trust, one of which was transferred to it as trustee for the benefit of the trust here in question. The two chief allegations in the complaint are first that no permit was obtained by defendant from the corporation commissioner to issue or transfer the participating certificate to the trust pursuant to the Corporate Securities Act. (Stats. 1917, p. 673; Deering's Gen. Laws, 1937, Act 3814), and, second that defendant falsely represented to plaintiff in 1932, 1933, 1934, 1935, 1936, 1937, 1938, 1939, and 1940, that the sale of the participating certificate to the trust was authorized by law, that it was carefully selected, and that a permit therefor had been obtained from the corporation commissioner. Plaintiff believed and relied upon those false representations to her damage.

The majority opinion holds that an order settling the account of the trustee named in the trust is res judicata upon the validity of the purchase of the participating certificate by defendant trustee, and therefore is a bar to plaintiff's action. It refuses however, to determine the question of whether or not the certificate was embraced within the Corporate Securities Act, and hence, that a permit was necessary. That issue should have been decided.

If the permit was required for the certificate and none was obtained, the sale of the certificate to the trust by defendant was void. A transaction falling within the terms of the Corporate Securities Act is declared by that Act to be void if no permit therefor is obtained. (Stats. 1917, p. 673, sec. 16.) The order of the probate court approving that transaction, is also void, if the rule stated in *Hunter* v. *Superior Court,* 36 Cal.App.2d 100 [97 P.2d 492], is followed. It is there declared that a judgment based upon a void contract is itself void. (See *People* v. *Burke,* 72 Colo. 486 [212

P. 837, 30 A.L.R. 1085]; *Campbell* v. *McConnel,* 214 Ill.App. 342; *Bredin's Appeal,* 92 Pa. 241 [37 Am.Rep. 677]; *Dial* v. *Kirkpatrick,* 168 Okla. 21 [31 P.2d 591].) If the order settling the defendant trustee's accounts is void then it cannot be res judicata inasmuch as a void judgment is not res judicata. (15 Cal.Jur. 102.)

It is no answer to the foregoing proposition to say that the invalidity of the participating certificate did not appear upon the face of the judgment roll in the proceedings and order settling the trustee's account, because the complaint may well be construed as alleging an action for equitable relief from the order. A prayer therefor is not made but plaintiff should be permitted to amend her complaint to state such an action. Furthermore, it must be remembered that this appeal is from a judgment entered as an order sustaining a demurrer to plaintiff's complaint. All the allegations of that complaint must be deemed admitted for the purpose of ruling upon the demurrer. Hence, it must be admitted that no permit was obtained from the corporation commissioner. An admission by defendant of the facts establishing the invalidity of a judgment justifying relief therefrom, is read into and considered a part of the record or judgment roll of the judgment attacked. (*Thompson* v. *Cook,* 20 Cal.2d 564 [127 P.2d 909].)

Thus, we must read into the order settling the account a determination that no permit was obtained for the participating certificate. The result is that the order is void upon its face and hence, is not res judicata. Under the present status of the case we are not now concerned with what may or may not be defendant's defense to the action, or what it may or may not admit by its answer.

Considering the second main allegation of the complaint, that charging fraudulent misrepresentations on the part of defendant, it is to be noted that the time of the making of those representations in each instance is just a short time prior to the filing by defendant of its annual accounts from 1932 to 1940. It must be taken as true that at those times defendant falsely stated to plaintiff that a permit had been obtained from the corporation commissioner. Such representations would be relied upon by plaintiff and prevent her from making any objection to the accounts. Certainly if she had known of the falsity of those representations she would

have filed objections to the accounts. It is alleged that she did rely upon those representations, and although it is alleged that she did so to her damage rather than that she failed to object to the accounts for that reason, she should be permitted to amend her complaint to make such allegation. Liberality should be the guide for this court in determining upon appeal that amendments to pleadings should be permitted in order that a trial upon the merits may be had. (See *Wennerholm* v. *Stanford Univ. Sch. of Med.,* 20 Cal.2d 713 [128 P.2d 522, 141 A.L.R. 1358].)

The foregoing discussion assumes that the fraudulent representations would constitute extrinsic fraud and hence make the order in probate subject to attack and relief in equity. That it would be such fraud cannot be doubted, if plaintiff was thereby prevented from contesting the accounts filed by defendant. She was deprived of her day in court. It was said by this court in *Caldwell* v. *Taylor,* 218 Cal. 471, 476 [23 P.2d 758, 88 A.L.R. 1194], involving an attack on a probate order:

"Where the unsuccessful party has been prevented from exhibiting fully his case, by fraud and deception practiced on him by his opponent, as by keeping him away from court, a false promise of compromise; or where the defendant never had knowledge of the suit, being kept in ignorance by the acts of the plaintiff, or where an attorney fraudulently or without authority assumes to represent a party and connives at his defeat, or where the attorney regularly employed corruptly sells out his client's interest to the other side—these, and similar cases which show that there has never been a real contest in the trial or hearing of the case, are reasons for which a new suit may be sustained to set aside and annul the former judgment or decree, and open the case for a new and fair hearing."

See also the case of *Larrabee* v. *Tracy,* L. A. No. 18084, *ante,* p. 645 [134 P.2d 265], decided by this court on February 25, 1943.

In my opinion the judgment should be reversed and the case disposed of on its merits.