Filed 1/6/21  Kvassay v. Kvassay CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ROBERT V. KVASSAY, as Trustee, etc., | B297461 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BP122477) |
| v. | |
| PETER E. KVASSAY et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Maria E. Stratton, Judge.  Affirmed.

Troy A. Stewart for Defendants and Appellants.

Matthew C. Brown for Plaintiff and Respondent.

In this most recent appeal from a seemingly never-ending dispute between appellants Peter Kvassay and Richard Kvassay and their brother, respondent Robert Kvassay, appellants challenge probate court orders dated December 14, 2018 and January 28, 2019 (1) denying their petition to remove Robert[1] as trustee of the Kvassay Family Trust (the Trust), and (2) approving an amended second accounting. We affirm the orders.

## BACKGROUND[2]

Robert, Peter, and Richard are equal beneficiaries of the Trust. The Trust's sole asset is a 3.5-acre residential property located at 1554 Hill Drive in Los Angeles, California (the property). Robert has served as trustee of the Trust since 2007.

In five previous appeals filed by Peter and Richard, this court (1) affirmed an order evicting appellants from the property, (2) affirmed a judgment (a) awarding Robert as trustee $196,660 in damages for the lost value of the use and occupancy of the property during the pendency of appellants' appeal from the eviction order, and (b) releasing to Robert as trustee $196,660

---

[1]     Because the parties share the same surname, we refer to them by their first names to avoid confusion. We refer to Peter and Richard collectively as appellants.

[2]     The facts concerning the parties' longstanding dispute are set forth in nonpublished opinions we issued in five previous appeals by Peter and Richard. (See *Kvassay v. Kvassay* (May 15, 2019, B288555), *Kvassay v. Kvassay* (Aug. 1, 2018, B284976), *Kvassay v. Kvassay* (Aug. 5, 2015, B250855), *Kvassay v. Kvassay* (May 14, 2014, B246941), *Kvassay v. Kvassay* (Feb. 3, 2012, B227557).) We reiterate the underlying facts only as necessary to adjudicate this appeal.

from a $216,000 cash deposit appellants posted to stay enforcement of the eviction order pending their appeal; (3) affirmed orders (a) authorizing Robert as trustee to convey to the Trust loan funds appellants fraudulently obtained by encumbering the property, (b) offsetting against appellants' distributive shares of the Trust the amount of the unaccounted for proceeds of their fraudulently obtained loan, and (c) affirmed in part an amended first account prepared by Robert as trustee; (4) affirmed a judgment in Robert's favor after the probate court granted Robert's special motion to strike Peter's and Richard's causes of action for conversion and declaratory relief concerning the $216,000 cash deposit they forfeited upon losing their appeal of the eviction order; and (5) affirmed orders authorizing Robert, as trustee, to sell the property and to use sale proceeds to pay off the loan encumbering the property.

**The parties' respective petitions**

Peter and Richard filed a verified petition to remove Robert as trustee on November 26, 2014. The petition alleged, among other things, that Robert and his wife made the property their permanent residence and paid no rent to the Trust. The petition further alleged that Robert and his wife executed a promissory note for a $1.5 million loan payable to Oak Tree Funding Corporation secured by a deed of trust on the property recorded on May 21, 2014, and that Robert, as trustee, recorded a quitclaim deed on June 3, 2014 transferring the property to himself and his wife as joint tenants.

Robert filed a petition for settlement of an amended second account and report of administration on September 1, 2017. Pursuant to directions given by the probate court on June 9,

3

2017, the account covered the period July 1, 2010 through December 1, 2016.

Robert served requests for admissions pertaining to appellants' petition to remove him as trustee. Neither Richard nor Peter responded. Robert thereafter moved for an order deeming admitted the unanswered requests for admissions, and the probate court granted the motion as to each of Richard and Peter.

## Trial on petitions

The parties' respective petitions were tried before the Honorable Maria Stratton on December 14, 2018. After hearing testimony from the parties, Judge Stratton found that appellants failed to present any evidence of breach of fiduciary duty, negligence, or misconduct by Robert as trustee and denied the petition to remove him as trustee.

Judge Stratton also heard testimony from Robert about preparation of the accounting and from Robert's attorneys concerning fees and costs he incurred as trustee in defending against the multiple lawsuits filed by appellants. Judge Stratton found that Robert sustained his burden of justifying the accuracy of the accounting and the reasonableness of the expenses, overruled appellants' objections to the accounting, and approved the amended second account as supplemented.

Judge Stratton's written ruling granting Robert's petition and denying appellants' petition was entered in the minutes of the Superior Court on December 14, 2018. After Judge Stratton took her position as an Associate Justice in the Second Appellate District, the Honorable Michael C. Small signed the January 28, 2019 order after trial on petitions.

4

## CONTENTIONS ON APPEAL

Appellants raise the following contentions on appeal:

I.  The probate court improperly excused Robert's duty as trustee to account annually to the beneficiaries.

II.  The probate court lacked jurisdiction to approve trust disbursement and expense claims that were purportedly discharged in appellants' respective bankruptcy proceedings.

III.  The probate court erred by not following binding legal principles in approving Robert's attorney fees claims.  The court further erred by awarding attorney fees absent any evidence that the Trust has funds to pay the fees.

IV.  The probate court erred in deeming admitted the requests for admissions to which appellants failed to respond.

V.  Judge Small lacked jurisdiction to enter the January 28, 2019 order after trial on petitions.  Appellants were denied the opportunity to move to challenge Judge Small under Code of Civil Procedure section 170.6.

## DISCUSSION

### I.  Duty to account

#### A. Applicable law and standard of review

Probate Code section 16062, subdivision (a) requires the trustee of a trust to "account at least annually, at the termination of the trust, and upon a change of trustee, to each beneficiary to whom income or principal is required or authorized in the trustee's discretion to be currently distributed."  (Prob. Code, § 16062, subd. (a).)

Section 6.02 of the Trust similarly provides that "[t]he Trustee shall periodically, at least annually, prepare[] and

5

deliver to each beneficiary . . . an accounting in writing of the Trustee's administration of the trust."

The probate court's settlement and approval of a trustee's accounting is reviewed for abuse of discretion. (*In re McLennan's Estate* (1938) 29 Cal.App.2d 666, 668.)

### B. No abuse of discretion

The probate court addressed appellants' argument that Robert breached his duty as trustee to account annually to the trust beneficiaries as follows:

> "Objectors also complain that Robert never gave them the annual accounting to which they were entitled by the trust instrument. The court finds that in light of the obstructionist tactics used by objectors to thwart the proper and orderly administration of the trust by Robert, any failure by Robert to provide an annual accounting is excused. The accountings he has filed to date are precise and complete, in proper format, and in accordance with deadlines set by the court. Objectors have not shown any prejudice in this regard. Their belated objections now are overruled."

Appellants fail to demonstrate any abuse of discretion. Substantial evidence supports the probate court's finding that appellants engaged in obstructionist tactics to thwart the orderly and proper administration of the Trust. The record shows that appellants encumbered the Trust property with fraudulently obtained loans; obstructed Robert's efforts to repair, renovate, and market the property; and filed multiple lawsuits against Robert in state, federal, and bankruptcy court. All of the lawsuits were resolved in Robert's favor. The accountings

6

prepared by Robert were filed in accordance with deadlines set by the probate court. Nothing in the record indicates that appellants raised any objection at the time those deadlines were set, and appellants have demonstrated no resulting harm or prejudice.

## II. Effect of bankruptcy discharges

Appellants' argument that their respective bankruptcy discharges precluded the probate court from approving the trust disbursement and expense reimbursement claims is both meritless and frivolous. As we noted in a prior appeal, the scope and effect of appellants' respective bankruptcy discharges on Robert's administration of the Trust is an issue that was previously adjudicated in Robert's favor. On May 31, 2018, the bankruptcy court adjudicated summary judgment motions filed by Robert individually and as trustee of the Trust against Peter and Richard. The judgments entered declared that appellants' respective bankruptcy discharges did not prohibit Robert from paying Trust administration expenses from trust assets; from seeking and receiving reimbursement from the Trust for trust administration expenses paid by him from non-trust funds; from seeking damages against appellants for any obligations, expenses, or liabilities arising after their respective petition dates; or from recouping from appellants' respective share of the Trust residue any obligations owed by appellants to the Trust. On February 11, 2019, the United States Bankruptcy Appellate Panel for the Ninth Circuit affirmed the bankruptcy court's judgments entered against Peter and Richard. (*Kvassay v. Kvassay* (May 15, 2019, B288555).) On May 4, 2020, the United States Court of Appeals for the Ninth Circuit affirmed the

7

Bankruptcy Appellate Panel's decisions pertaining to appellants' respective bankruptcy proceedings.[3]  The bankruptcy court judgments, as affirmed by the Ninth Circuit, make clear that the discharge orders entered in appellants' respective bankruptcy actions do not deprive the probate court of jurisdiction to approve Trust disbursement and expense reimbursement claims.

### III.  Attorney fees

"'Attorneys hired by a trustee to aid in administering the trust are entitled to reasonable fees paid from trust assets.  Preparing the accounting and responding to the beneficiaries' objections to that accounting are aspects of trust administration.' [Citation.]" (*Donahue v. Donahue* (2010) 182 Cal.App.4th 259, 267.)  The fees incurred must be reasonable and appropriate to the circumstances of the trust.  (*Id.,* at p. 268.)  The evidence submitted to support the fee request must be sufficient to "'allow the court to consider whether the case was overstaffed, how much time the attorneys spent on particular claims, and whether the hours were reasonably expended.' [Citation.]" (*Id.,* at p. 271.)  We review the probate court's decision granting Robert's request for fees payable from the Trust assets under the abuse of discretion standard.  (*Id.,* at p. 268.)

Appellants fail to establish any abuse of discretion.  The probate court's written order states that "the multiple legal actions filed by Richard and Peter since the death of grantor - actions which challenged the manner in which Robert acted as trustee and his authority to act as trustee – were appropriately defended by Robert and the fees should be paid by

---

[3]     We grant Robert's request that we take judicial notice of the relevant bankruptcy court documents.

8

the trust. To the extent Robert seeks reimbursement of attorney fees and costs he paid personally, that reimbursement is approved. Robert is entitled to reasonable attorney fees for defending his administration of the trust and the court finds, based on his testimony and the testimony of counsel that the requested attorney fees are reasonable in amount and in hourly rate." The court found that testimony to be credible and that each attorney "testified in painstaking detail" to the legal services provided, authenticated the invoices, and described in detail the multiple lawsuits brought by appellants. The probate court further found that the defense of the actions benefitted the Trust by allowing Robert to complete repair of the sole trust asset and to sell it at or above fair market value.

The probate court found that Robert's retention of three separate law firms to defend against appellants' lawsuits was neither excessive nor unreasonable, given the multiple forums (Superior Court, California Court of Appeal, U.S. Bankruptcy Court, and the Ninth Circuit Court of Appeals) in which appellants litigated against Robert.

The record does not support appellants' claim that the Trust lacks assets to pay the attorney fees. The amended second account shows that as of December 16, 2017 the property, the sole Trust asset, had an estimated fair market value of $4,564,268.60.

## IV. Requests for admissions

Appellants demonstrate no abuse of discretion in the probate court's ruling deeming admitted the matters in the unanswered requests for admissions. (See *Solv-All v. Superior Court* (2005) 131 Cal.App.4th 1003, 1007.) Appellants cite no

9

authority to support the argument that they were not obligated to respond because Robert's attorney, Matthew Brown, had not filed a notice of association of counsel. The argument is without merit in any event. Appellants have known since at least 2014 that Brown was Robert's counsel, as Brown has appeared as such in multiple prior appeals adjudicated by this court. (See *Kvassay v. Kvassay* (May 15, 2019, B288555), *Kvassay v. Kvassay* (Aug. 1, 2018, B284976), *Kvassay v. Kvassay* (Aug. 5, 2015, B250855), *Kvassay v. Kvassay* (May 14, 2014, B246941).)

We reject appellants' argument that the probate court's order was improper because Robert's motion was not filed and served within 16 court days of the hearing. Appellants did not seek a continuance of the hearing or additional time to prepare their opposition. Neither in their opposition to the motion nor at the hearing did appellants argue they had insufficient time to address the motion. Rather, the record shows appellants had ample time to, and did, address the motion, failed to seek a continuance, and failed to demonstrate any prejudice from the allegedly untimely service.

## V. Jurisdiction to enter order

Judge Small had both jurisdiction and authority to enter the January 28, 2019 order after trial on petitions. That order was entered after Judge Stratton's December 14, 2018 ruling was entered in the court minutes, and Judge Stratton became unavailable because she assumed her position as an Associate Justice in the Second Appellate District. Code of Civil Procedure section 635 authorizes Judge Small's entry of the January 28, 2019 order. The statute provides: "In all cases where the decision of the court has been entered in its minutes, and when

10

the judge who heard or tried the case is unavailable, the formal judgment or order conforming to the minutes may be signed by the presiding judge of the court or by a judge designated by the presiding judge." (Code Civ. Proc., § 635.)

Appellants' argument that they were denied an opportunity to move to challenge Judge Small under Code of Civil Procedure section 170.6 is without merit. That statute is inapplicable. Code of Civil Procedure section 170.6 prohibits a judge of the Superior Court from trying a civil action or proceeding, or from hearing a matter that involves a contested issue of law or fact when it is established that the judge is prejudiced against a party or attorney.[4] Judge Small did not try any part of this case or hear any matter in the case that involved a contested issue of law or fact. He merely signed the order after trial on petitions, as authorized under Code of Civil Procedure section 635, after Judge Stratton became unavailable.

---

[4] Code of Civil Procedure section 170.6, subdivision (a)(1) states: "A judge, court commissioner, or referee of a superior court of the State of California shall not try a civil or criminal action or special proceeding of any kind or character nor hear any matter therein that involves a contested issue of law or fact when it is established as provided in this section that the judge or court commissioner is prejudiced against a party or attorney or the interest of a party or attorney appearing in the action or proceeding." Subdivision (a)(2) of Code of Civil Procedure section 170.6 sets forth the procedure for establishing the alleged prejudice of a judge, court commissioner, or referee. (Code Civ. Proc. § 170.6, subd. (a)(2).)

11

**DISPOSITION**

The probate court's December 14, 2018 and January 28, 2019 orders are affirmed. Robert shall recover his costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.</u>


_____, J.
CHAVEZ


We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.
HOFFSTADT